438 P.2d 566

Ezra CARTER and Lou E. Carter, husband and wife, and William Whiteman and Phyllis M. Whiteman, husband and wife, Plaintiffs-Respondents,

v.

CASCADE INSURANCE COMPANY, a corporation, and Robert A. Olson and Anona Olson, husband and wife, Defendants-Appellants.

No. 9809.

Supreme Court of Idaho

March 12, 1968.

Clemons, Skiles & Green, Boise, for appellant.

Langroise, Clark & Sullivan, Boise, for appellee.

McQUADE, Justice.

The female respondents were injured when their automobile was struck from behind by an automobile driven by an uninsured driver. Appellant, an insurance company, had issued a policy covering both fe-

male respondents for damages which they would be "legally entitled to recover" from an uninsured driver. However, the uninsured driver denied he had been at fault and appellant then refused to pay respondents under the policy pending determination of the uninsured driver's fault.

Respondents successfully sued the uninsured driver and appellant immediately tendered the amount of that judgment to respondents. Respondents, however, demanded appellant also pay them a reasonable attorney's fee under a statute that empowers the court to award attorney's fees incurred by an insured in an action against an insurer that wrongfully refuses to pay after demand amounts "justly due."

After a hearing, the district court awarded respondents an attorney's fee for their proceedings against the uninsured driver and also ordered interest be paid on the amount of the earlier judgment (against the uninsured driver) from its date of entry. This appeal is from the later judgment; it is limited to the issues of attorney's fees and interest.

We have decided the district court was in error and its judgment must be reversed on both issues.

The pertinent facts are as follows.

November 9, 1963, in Ada County, an automobile driven by respondent Lou E. Carter, in which respondent Phyllis M. Whiteman was a passenger, was struck from the rear by an automobile driven by Robert Olson. The Carter vehicle was insured by appellant Cascade Insurance Company under a policy which contained a clause providing Cascade would pay all sums the insured "shall be legally entitled to recover as damages" from an uninsured motorist because of bodily injury caused by accident with an uninsured automobile.[1] Olson's automobile had no bodily liability insurance coverage.

March 2, 1964, respondent Lou E. Carter and respondent Phyllis M. Whiteman sent proofs of claims to appellant Cascade Insurance Company on forms provided by the company. The proofs forms have spaces for descriptions of injuries and incurred costs of medical treatment, but there is no

---

1. The policy's named insured was respondent Ezra Carter, husband of respondent Lou E. Carter and father of respondent Phyllis M. Whiteman. Following are pertinent parts of the policy.

   "PART 3. PAYMENT FOR INJURY OR DEATH TO YOU OR YOUR FAMILY

   "COVERAGE G—*Injury Caused by an Uninsured Motorist*

   "Cascade will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and Cascade or, if they fail to agree, by arbitration.

   "No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and Cascade, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of Cascade.

   &ast; &ast; &ast; &ast; &ast;

   "*Determination of legal liability and amount of damages*

   "The determination as to whether the insured or his legal representative shall be legally entitled to recover damages, and if so entitled the amount thereof shall be made by agreement between the insured or his legal representative and Cascade. In the event of disagreement and upon written demand of either, the matter or matters upon which the insured and Cascade do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof. The insured and Cascade each agrees to consider itself bound and to be bound by any award made by the Arbitrator(s) pursuant to this coverage of Section 11."

item concerning amount of claim and respondents Lou and Phyllis indicated no specific sum as sufficient satisfaction for their claims. Respondents Lou and Phyllis each added the following statement to their proofs of claims:

> "In addition, ever since this collision, I have suffered and am still suffering almost constant pain which makes it extremely difficult for me to perform my paid job and household functions, and to sleep at night, for which I should be legally entitled to damages now and in the future."

Neither respondents nor appellant have ever mentioned a specific sum as acceptable in satisfaction or settlement of the claims. May 20, 1964, respondents brought a tort action against Robert Olson and appellant Cascade Insurance Company for the damages incurred in the November 9, 1963 accident. Twenty-five thousand dollars ($25,000.00) was claimed for injuries to respondent Lou E. Carter, and the same amount for injuries to respondent Phyllis M. Whiteman. It should be noted here that respondents' attorney testified he advised a claims adjuster (Owen Davis) for appellant "sometime" in March 1964 about the intended action against Olson and the amount to be claimed as damages. According to respondents' theory of the present action, this advice served as notice to appellant that the specific sum claimed for injuries under the uninsured motorist clause was the maximum amount recoverable under the policy, $10,000 for each of the two injured persons.

Robert Olson, by an attorney who had no pertinent relations with appellant, filed an answer denying any liability for the damages. Respondents do not contend, nor does the record suggest, that appellant was involved in any way in Olson's denial; to the contrary, it appears Olson's decision to deny liability was made completely of his own volition. Olson affirmatively alleged the collision was unavoidable and had been caused by contributory negligence.

On a motion by appellant, the district court granted it a separate trial to avoid prejudice.[2] Appellant then agreed to be bound by the district court's determination concerning Robert Olson's liability for the collision and resulting damages.[3]

After trial in respondents' action against Olson, a jury returned a verdict in favor of respondents Carter for $2,500.00, and in favor of respondents Whiteman for $500.00. Judgment thereon was entered June 15, 1965.

Appellant Cascade Insurance Company without hesitation tendered those amounts (less certain agreed upon deductions) in drafts to respondents' attorney. He refused them, however, solely because they stated "in full payment" but contained no amount for attorney's fees. Respondents took the position that for their legal efforts against Olson they were entitled to attorney's fees from respondents. For this contention, they relied on the following provision of I.C. § 41–1839:

> "Allowance of attorney fees in suits against insurers.—(1) Any insurer issuing any policy, certificate or contract of insurance, surety, guaranty or indemnity of any kind or nature whatsoever, which shall fail for a period of thirty (30) days after proof of loss has been furnished as provided in such policy, certificate or contract, to pay to the person entitled thereto the amount justly due under such

---

2. This severance appears eminently proper under the circumstances. See Idaho R. Civ.P. 21; Holt v. Bell, 392 P.2d 361 (Okl.1964); Cheek, Recovery Procedure Under the Uninsured Motorist Coverage of the Family Liability Policy, 1960 Proceedings ABA Section of Insurance, Negligence and Compensation Law 281. at 289; cf. Laird v. Nationwide Ins. Co., 243 S.C. 388, 134 S.E.2d 206 (1964);

Levy v. American Automobile Ins. Co., 31 Ill.App.2d 157, 175 N.E.2d 607 (1961).

3. The insurance policy provided that in absence of such agreement, a judgment against an uninsured motorist would not be conclusive of the issue of his liability as between appellant and the insured. See n. 1, supra.

policy, certificate or contract, shall in any action thereafter brought against the insurer in any court in this state for recovery under the terms of the policy, certificate or contract, pay such further amount as the court shall adjudge reasonable as attorney's fees in such action."

Appellant, denying it owed respondents any amount for attorney's fees, refused to augment its tendered drafts. October 7, 1965, respondents proceeded to trial without a jury against appellant on this issue. The district court found respondents had complied with all conditions of the insurance policy including the filing of proofs of claim, and that appellant had failed for a period of thirty days thereafter to pay "the amount justly due under the said insurance policy." The court ordered appellant to pay $1,750.00 as attorneys' fees to respondents and to pay interest from June 15, 1965, on the amounts stated in the June 15 judgment against Olson.

Appellants challenge this determination, both with respect to attorney's fees and to interest.

In the circumstances presented here, we think I.C. § 41–1839 does not empower the district court to award fees for an attorney's work incident to the action by the insureds, respondents, against the uninsured motorist, Olson.

The statute authorizes a court "in any action * * * brought against the insurer * * * for recovery under the terms of the policy" after the "insurer * * * [has] fail[ed] * * * to pay * * * the amount justly due under such policy" to award "such further amount as the court shall adjudge reasonable as attorney's fees in such action." Thus, before the court may award attorney's fees there must be: failure by an insurer to pay the amount *justly due under the policy*; and an action

*against the insurer for recovery under the terms of the policy.* Even when these ingredients are present, the court's award authority is monetarily limited to an amount of attorney's fees *reasonable in such action.*

■ The insurance policy term of present concern provides for payment of "all sums which the insured shall be *legally entitled* to recover" from the uninsured motorist. Absent any indications of bad faith on the part of appellant and absent any suggestion that appellants encouraged or helped in any way the uninsured motorist, Olson, to deny or to defend against his legal liability to respondents, we cannot say appellant was bound to recognize, subject to the charges of I.C. § 41–1839, that respondents were "legally entitled" to recover damages from Olson notwithstanding Olson's independent denial of such liability through his own attorney. Therefore, we do not think that any amount was justly due from appellant to respondents under the policy until further facts substantially indicative of Olson's liability were shown to appellant, or in the absence of such new facts, until Olson's liability was admitted or judicially declared.

Respondents contend I.C. § 41–1839 permits a district court to award attorney's fees as an incident of a successful suit against an insurer, that is, loss of the action by the insurer in itself establishes that an amount *was* justly due. Assuming the statute is susceptible to such a construction, we do not think respondents' interpretation is correct.

■ In absence of statute expressly and precisely compelling an opposite result, the general rule is that an insurer's refusal to pay a claim under its policy must be unreasonable before a court may award attorney's fees as part of the recovery in a subsequent action by the claimant.[4] Inter-

---

4. See Belch v. Gulf Life Ins. Co., 219 Ga. 823, 136 S.E.2d 351 (1964); Parker v. Continental Casualty Co., 191 Kan. 674, 383 P.2d 937 (1963); Skipper v. Federal Ins. Co., 238 La. 779, 116 So.2d 520 (1959); Bechtoldt v. Home Ins. Co., (Missouri) 322 S.W.2d 872 (1959); Sukup v. State, 19 N.Y.2d 519, 281 N.Y.S. 2d 28, 227 N.E.2d 842 (1967); Helmich v. Northwestern Mutual Ins. Co., 376 F.

preting in this light the language of I.C. § 41–1839, which restricts an award to cases where the insurer has failed to pay an amount "justly due," we think there must be evidence that an insurer has acted unreasonably or unjustly before a court may award attorney's fees under I.C. § 41–1839.

Respondents argue that Halliday v. Farmers Ins. Exchange[5] compels an affirmance of the district court's judgment in the present action. Though containing some language which appears to support respondents' contention, Halliday concerned facts materially different from those here presented.

In Halliday, an insured brought a direct action against his insurer on a policy provision almost identical to that of present concern. In the name of and on behalf of the insurer, an answer was filed denying that the other driver had been uninsured, had been negligent or that, if any, his negligence proximately had caused damages to the insured. The insurer also pleaded contributory negligence by the insured and unavoidable accident. The case went to trial, the only parties still being the insured, as plaintiff, and the insurer, as defendant. After the insured rested his case, the insurer abandoned all the stated defenses; left for the jury's determination was only the amount of damages. The district court awarded attorney's fees to the insured under I.C. § 41–1839, and this Court affirmed.

Halliday must be limited to its facts. On close reading, those facts are quite different from the facts of the present action. For the insured's action in Halliday was directly against the insurer, a sole defendant, and the company in effect chose to defend the uninsured motorist. But in the present action, fees are sought for attorney's work in a suit against the uninsured motorist; and such suit was necessary, the record indicates, solely because of an independently chosen denial of liability by the uninsured motorist.

■ Because respondents improperly refused to accept appellant's tender of the amounts determined to be Olson's liability in the action by respondents against Olson, it would be inequitable to force appellant to pay interest on those amounts from the date of the judgment against Olson. Thus, the district court's award of such interest must also be reversed.

Judgment reversed. Costs to appellants.

TAYLOR, McFADDEN, and SPEAR, JJ., and DONALDSON, D. J., concur.

2d 420 (7th Cir. 1967); Olivero v. Horace Mann Mutual Ins. Co., 46 Ill.App.2d 97, 196 N.E.2d 366 (1964); 3 Appleman, Insurance Law and Practice §§ 1611–1621 (rev. vol. 1967); 22 id. § 14533

(1947); cf., Meiser v. Aetna Casualty & Surety Co., 8 Wis.2d 233, 98 N.W.2d 919 (1959).

5. 89 Idaho 293, 404 P.2d 634 (1965).