723 P.2d 848

**William P. SULLIVAN and Cleon Sullivan, husband and wife; and Julie A. Sullivan, Plaintiffs-Appellants,**

v.

**ALLSTATE INSURANCE COMPANY, a corporation doing business in Idaho, Defendant-Respondent.**

No. 16033.

Supreme Court of Idaho.

July 10, 1986.

David A. Manko, Coeur d'Alene, Bruce A. Kaiser, Spokane, Wash., and Darrel W. Aherin, Lewiston (argued), for plaintiffs-appellants.

Samuel Eismann, Coeur d'Alene, and Phillip M. Barber (argued), Hawley, Troxell, Ennis & Hawley, Boise, for defendant-respondent.

SHEPARD, Justice.

This is an appeal from a summary judgment granted in favor of Allstate in an action filed by the Sullivans, which alleged the tort of outrage, willful breach of contract, and bad faith in refusing to settle a claim made under a policy issued by Allstate. We affirm.

On September 22, 1982, Julie Sullivan, a pedestrian, was struck by an uninsured motorcyclist. Julie was then a minor, and an insured under an automobile insurance policy issued to her parents by Allstate Insurance Company, which included uninsured motorist coverage. The Sullivans filed a claim with Allstate which paid $2,000.00 under the medical coverage of the policy but denied any liability under the uninsured motorist section of the policy, asserting that Julie was the proximate cause of her own injuries.

The uninsured motorist provision in the insurance policy contained a clause requiring arbitration in the event that a claimant and Allstate failed to agree as to legal entitlement to recover under the uninsured automobile coverage, and such arbitration provision was stated to be binding on the parties thereto. In April 1984, Julie Sullivan, having attained her majority, sought and obtained an arbitration agreement with Allstate. A hearing was held before three arbitrators who found the total damages to be $292,851.13, found Julie Sullivan to be 35 percent comparatively negligent, and found Allstate should pay its policy limits of $20,000.00. Allstate paid, and the Sullivans accepted the arbitrators' award of $20,000.00.

Meanwhile, on September 4, 1984, while the arbitration process was pending, the instant action was filed against Allstate alleging negligence in Allstate's investigation and handling of the Sullivan claim, that Allstate had exercised bad faith in its responsibilities to the Sullivans, and that the Sullivans had sustained emotional distress by denial of the claim.

Allstate filed a motion for summary judgment, or in the alternative for a stay of the cause pending the outcome of the arbitration proceedings. The district court initially granted the motion for summary judgment, concluding that where an insurance policy requires arbitration in the event of disagreement involving an uninsured motorist claim, an insured is required to pursue arbitration prior to bringing an action against the insurer. We do not disagree. The trial court also concluded that:

> "There exists a different relationship between the insured and the insurer in an uninsured motorist insurance situation. In the uninsured motorist context, the uninsured motorist carrier becomes, in effect, the insurer of the uninsured; thereby creating an adversarial relationship between the insured and the insurer in the uninsured motorist policy."

We do not necessarily agree with this conclusion.

Thereafter the Sullivans moved for reconsideration of the order granting summary judgment. On May 23, 1985, argument was presented upon that motion for reconsideration, and counsel for the Sullivans offered in evidence, and the court accepted, the award of the arbitrators which had been executed during mid-May 1985. The court denied the Sullivans' motion for reconsideration and this appeal was taken.

We note initially that summary judgment is properly granted under I.R.C.P. 56(c) when after all the evidence and the reasonable inferences flowing therefrom have been construed in a light most favorable to the party opposing summary judgment, no genuine issue of material fact remains for determination, and the moving party is entitled to judgment as a matter of law. *Moss v. Mid-America Fire & Marine Ins. Co.*, 103 Idaho 298, 647 P.2d 754 (1982); *Palmer v. Idaho Bank & Trust of Kooskia*, 100 Idaho 642, 603 P.2d 597 (1979). Julie Sullivan, while a pedestrian, was a covered insured under the uninsured motorist provisions of the Allstate insurance policy. Julie Sullivan, while a pedestrian, was struck by an uninsured motorcyclist. Demand was made upon Allstate for the policy limits to cover a portion of the damages sustained by Julie Sullivan, and that demand was refused by Allstate on the basis that Julie Sullivan was the proximate cause of her own injuries. Julie Sullivan sought, and obtained, arbitration under the provisions of the Allstate policy following which Allstate paid the policy limits. The facts are not controverted.

Much of the argument in the instant case involves the relationship between the insured and the insurance carrier under the uninsured motorist provisions of an automobile policy when the insured is damaged by reason of an accident with an uninsured motorist. Some courts hold the view that when an insured files a claim under the terms of an uninsured motorist portion of a policy, the insurance carrier steps into the shoes of the uninsured motorist and becomes the adversary of its own insured notwithstanding the premiums that have been paid for the coverage. In such jurisdictions no liability arises on the part of the insurance carrier until, and unless, an award or judgment is made in favor of the insured and against the uninsured motorist carrier. Thus, those who purchase uninsured motorist coverage must expect to find as an adversary the very insurance carrier to whom they paid a premium. *See Quick v. State Farm Mutual Automobile Ins. Co.*, 429 So.2d 1033 (Ala.1983); *Baxter v. Royal Indemnity Co.*, 285 So.2d 652 (Fla. 1st D.C.A.1973), *cert. discharged,* 317 So.2d 725 (Fla.1975); *Nationwide Mutual Insurance Co. v. Turner*, 135 Ga.App. 551, 218 S.E.2d 276 (1975); *Craig v. Iowa Kemper Mut. Ins. Co.*, 565 S.W.2d 716 (Mo.App. 1978).

Other jurisdictions appear to adhere to the view that an insurance carrier owes a fiduciary duty to the insured to act fairly and in good faith with respect to claims filed by insured. *See Egan v. Mutual of Omaha Ins. Co.,* 24 Cal.3d 809, 169 Cal. Rptr. 691, 620 P.2d 141 (Cal.1979); *Klaudt v. Flink,* 202 Mont. 247, 658 P.2d 1065 (Mont.1983). Our Court has not addressed the issue specifically, but only tangentially in the context of our statute relating to allowance of attorney fees in suits against insurers. *See* I.C. § 41–1839. *Carter v. Cascade Insurance Company,* 92 Idaho 136, 438 P.2d 566 (1968) and *Halliday v. Farmers Insurance Exchange,* 89 Idaho 293, 404 P.2d 634 (1965), both involved claims made against insurance carriers under the provisions of uninsured motorist coverage. In *Carter* the Court held:

"In absence of statute expressly and precisely compelling an opposite result, the general rule is that an insurer's refusal to pay a claim under its policy must be unreasonable before a court may award attorney's fees as part of the recovery in a subsequent action by the claimant. Interpreting in this light the language of I.C. § 42–1839, which restricts an award to cases where the insurer has failed to pay an amount 'justly due,' we think there must be evidence that an insurer has acted unreasonably or unjustly before a court may award attorney's fees under I.C. § 41–1839."

In *Carter* the Court held that "[t]herefore, we do not think that any amount was justly due from appellant to respondents under the policy until further facts substantially indicative of Olson's [uninsured motorist] liability were shown to appellant, or in the absence of such new facts, until Olson's liability was admitted or judicially declared."

The Court in *Carter,* distinguished *Halliday v. Farmers Insurance Exchange, supra,* stating that Halliday should be limited to its facts wherein the insurer in effect chose to defend the uninsured motorist, and after plaintiff had rested its case the insurer abandoned all of its defenses. In *Carter,* by contrast, the Court noted that the insurance carrier had not encouraged or helped the uninsured motorist in any way, but rather the uninsured motorist was a defendant and had appeared in the action denying any liability.

Here, Julie Sullivan sought and obtained arbitration under the provisions of the uninsured motorist clause. A hearing was held before three arbitrators who returned a finding of negligence on the part of Julie Sullivan in the amount of 35 percent. The Sullivans did not, and do not, contest that arbitration award. The proceedings before the arbitrators are not part of the record before this Court, and we assume that the award of the arbitrators is sustained by those proceedings. In any event, the Sullivans do not here contest the arbitrators' finding of 35 percent negligence on the part of Julie Sullivan.

■ Under the circumstances of today's case we need not decide the legal relationship which exists between an insured and an insurance carrier when the insured makes a claim under an uninsured motorist clause of an insurance policy, *i.e.,* whether that relationship is adversarial or fiduciary. It is sufficient to say we do not agree with those courts who hold that in *all* circumstances the relationship is adversarial in nature and no obligation or liability rests upon the insurance carrier until the "legal liability" of the uninsured motorist has been either admitted or adjudicated. In the instant case we deem it clear that Allstate's denial of liability upon the grounds that Julie Sullivan's own negligence was the proximate cause of her damages, was not taken in bad faith. The uncontested finding of the arbitrators of 35 percent negligence on the part of Julie Sullivan speaks loudly in defense of the position of Allstate. Further, as herein pointed out, the uninsured motorist clause of the insurance policy provided for arbitration in the event of a dispute between the insured and the insurance carrier. Ultimately that arbitration clause was invoked by Julie Sullivan. The record contains no explanation for the delay between the sub-

mission of the initial claim by the Sullivans and the request for arbitration.

We hold that the trial court was correct in issuing summary judgment in the absence of any genuine issue of material fact, and the absence of any showing in the record of bad faith on the part of Allstate in failing to pay the claim submitted by the Sullivans.

The orders of the trial court are affirmed; costs to the respondents.

DONALDSON, C.J., and BAKES, BISTLINE and HUNTLEY, JJ., concur.