152 P.3d 614

Rena PARSONS, Plaintiff–Respondent,

v.

MUTUAL OF ENUMCLAW INSURANCE COMPANY, Defendant–Appellant.

No. 32603.

Supreme Court of Idaho,
Boise, January 2007 Term.

Feb. 2, 2007.

744

Cantrill, Skinner, Sullivan & King, LLP, Boise, for appellant. Clinton O. Casey argued.

Holzer, Edwards & Harrison, Boise, for respondent. Kurt D. Holzer argued.

EISMANN, Justice.

This appeal challenges the reasonableness of the award of attorney fees to an insured pursuant to Idaho Code § 41–1839. The insurer contends that the district court abused its discretion in awarding attorney fees in an amount consistent with the contingent fee agreement rather than in an amount based upon an hourly fee. We affirm the district court.

## I. FACTS AND PROCEDURAL HISTORY

On or about August 19, 2002, Rena Parsons (Parsons) was injured in an automobile

collision caused entirely by the negligence of another driver. The other driver had an insurance policy with liability limits of $50,000 issued by Allstate Insurance Company (Allstate). Parsons was covered by an insurance policy issued by Mutual of Enumclaw Insurance Company (Mutual of Enumclaw) and which provided $100,000 in underinsured motorist coverage.

Parsons filed suit against the other driver, and Allstate ultimately tendered the policy limits of $50,000. Mutual of Enumclaw authorized Parsons to accept that payment.

Parsons contended that her damages exceeded the limits of liability coverage under the Allstate policy. On September 21, 2004, Parsons, through her counsel, submitted a letter to Mutual of Enumclaw requesting that it pay "the amount justly due" under her underinsured motorist coverage. Her counsel did not specify an amount Parsons claimed was justly due, but simply stated that it exceeded the policy limits of the underinsured motorist coverage. A copy of Allstate's file regarding the accident was enclosed with the letter.

Mutual of Enumclaw submitted Parsons's medical records from the Allstate file to a corporation engaged, among other things, in the business of reviewing liability injury claims. After reviewing Parsons's medical records, the corporation sent Mutual of Enumclaw a letter dated October 25, 2004. The primary issue addressed in that letter was whether Parsons's surgical fusion at C5–6 and C6–7 done one week after the accident was related to the accident or to pre-existing degenerative changes. The letter stated, "It seems more difficult to make a case indicating the surgery wasn't related to the accident than to make a case indicating it was related to the accident." It recommended certain additional investigation, however, to be more certain that the surgery was related to the accident.

On October 26, 2004, Parsons filed this lawsuit against Mutual of Enumclaw seeking to recover "the amount justly due" under the underinsured motorist coverage together with costs and attorney fees pursuant to Idaho Code § 41–1839. Parsons served the complaint and summons the next day. On November 12, 2004, Mutual of Enumclaw tendered $60,000 to Parsons, which she accepted as the full payment of her personal injury claim under the underinsured motorist coverage.

On October 3, 2005, Parsons filed a motion seeking an award of attorney fees pursuant to Idaho Code § 41–1839. The district court awarded her attorney fees in the amount of $20,000, and Mutual of Enumclaw appealed.

## II. ISSUES ON APPEAL

1. Did Parsons fail to provide an adequate proof of loss?
2. Should we revive the rule announced in *Carter v. Cascade Insurance Company* and hold that an insured cannot recover attorney fees under Idaho Code § 41–1839 unless there is evidence that the insurer acted unreasonably or unjustly in failing to pay the amount justly due within thirty days after receiving the proof of loss?
3. Did the district court abuse its discretion in awarding attorney fees?
4. Is Parsons entitled to an award of attorney fees on appeal?

## III. ANALYSIS

Mutual of Enumclaw raises three issues on appeal. For the reasons stated below, we will not address the first two issues and will only address the third.

### A. Did Parsons Fail to Provide an Adequate Proof of Loss?

Idaho Code § 41–1839(1)[1] provides that an insurer is liable for attorney fees in an action brought by its insured to recover under the policy if the insurer failed to pay the amount justly due to its insured "for a period of thirty (30) days after proof of loss has been furnished as provided in such policy." Mutual of Enumclaw alleges on appeal that the proof of loss provided it by Parsons was not sufficient to comply with Idaho Code § 41–1839(1).

---

1. The statute provides:
    Any insurer issuing any policy, certificate or contract of insurance, surety, guaranty or indemnity of any kind or nature whatsoever, which shall fail for a period of thirty (30) days after proof of loss has been furnished as pro-

On September 21, 2004, Parsons, through her attorney, sent a letter to Mutual of Enumclaw demanding payment of the amount justly due under Parsons's underinsured motorist coverage. Enclosed with the letter was a copy of Parsons's medical records that had been provided to Allstate. There is nothing in the record indicating that Mutual of Enumclaw demanded any additional information. By letter dated November 12, 2004, it tendered $60,000 to settle Parsons's underinsured motorist claim. That letter stated, "We have based our evaluation on the documentation you provided to us and received on September 23, 2004." In the brief submitted in opposition to Parsons's request for an award of attorney fees, Mutual of Enumclaw, by its attorney, stated, "Ms. Parsons, through her counsel, submitted a proof of loss to the Defendant Mutual of Enumclaw (MOE) on September 21, 2004." Now, Mutual of Enumclaw contends that Parsons did not submit a sufficient proof of loss.

Mutual of Enumclaw did not raise in the trial court the issue of whether Parsons had submitted an adequate proof of loss. "The longstanding rule of this Court is that we will not consider issues that are raised for the first time on appeal." *Murray v. Spalding,* 141 Idaho 99, 101, 106 P.3d 425, 427 (2005). We have made an exception for constitutional issues if their consideration is necessary for subsequent proceedings in the case. *Id.* That exception does not apply here. We therefore decline to address this issue.

**B. Should We Revive the Rule Announced in *Carter v. Cascade Insurance Company* and Hold that an Insured Cannot Recover Attorney Fees Under Idaho Code § 41–1839 Unless There Is Evidence that the Insurer Acted Unreasonably or Unjustly in Failing to Pay the Amount Justly Due within Thirty Days after Receiving the Proof of Loss?**

In *Carter v. Cascade Insurance Company,* 92 Idaho 136, 140, 438 P.2d 566, 570 (1968),

we added to Idaho Code § 41–1839 a requirement that "there must be evidence that an insurer has acted unreasonably or unjustly before a court may award attorney's fees under I.C. § 41–1839." Five years later in *Associates Discount Corp. of Idaho v. Yosemite Insurance Co.,* 96 Idaho 249, 257, 526 P.2d 854, 862 (1973), we overruled that portion of the *Cascade Insurance* opinion because it "engrafts upon the statute a requirement which we now feel is unwarranted." Mutual of Enumclaw asks us to revive that portion of the *Cascade Insurance* opinion that we overruled.

We had also engrafted another requirement upon the statute. In *Anderson v. Farmers Insurance Co.,* 130 Idaho 755, 759, 947 P.2d 1003, 1007 (1997), we held, "Attorney fees may be awarded to an insured under I.C. § 41–1839 only when the insured had no other option other than to file suit against his or her insurer in order to recover his or her loss." Four years ago in *Martin v. State Farm Mutual Automobile Insurance Co.,* 138 Idaho 244, 61 P.3d 601 (2002), we disapproved that portion of Anderson because it added a requirement not contained in the statutory language. We stated in *Martin:*

> Because there is no requirement in the statute that the plaintiff be 'compelled' to bring an action, our opinion stating otherwise in *Anderson* is inconsistent with the statute and is disapproved. A cardinal rule of statutory construction is that where a statute is plain, clear and unambiguous, courts are constrained to follow that plain meaning, and neither add to the statute or take away by judicial construction.

*Id.* at 247, 61 P.3d at 604.

■ In *Martin v. State Farm Mutual Automobile Insurance Co.,* 138 Idaho 244, 61 P.3d 601 (2002), we held that Idaho Code § 41–1839(1) contains two requirements for

vided in such policy, certificate or contract, to pay to the person entitled thereto the amount justly due under such policy, certificate or contract, shall in any action thereafter brought against the insurer in any court in this state for

recovery under the terms of the policy, certificate or contract, pay such further amount as the court shall adjudge reasonable as attorney's fees in such action.

an insured to be entitled to an award of attorney fees: (1) the insured must provide a proof of loss as required by the insurance policy; and (2) the insurer must fail to pay the amount justly due within thirty days after receipt of the proof of loss. *Martin* also made it clear that any argument regarding the requirements for obtaining an award of attorney fees under Idaho Code § 41–1839(1) must be based upon the wording of the statute. The issue is one of statutory construction. Arguments for additional requirements not contained in the statutory language must be made to the legislature, not this Court.

■ If Mutual of Enumclaw contends there should be a third requirement in the statute, it must present argument and authority showing that the statute as written contains such third requirement. It has not done so. It has not made any argument regarding the proper construction of the statutory language. It has merely asked us to revive *Carter v. Cascade Insurance Company*, 92 Idaho 136, 140, 438 P.2d 566, 570 (1968). "We will not consider issues cited on appeal that are not supported by propositions of law, authority, or argument." *Callaghan v. Callaghan*, 142 Idaho 185, 190, 125 P.3d 1061, 1066 (2005). We therefore decline to address this issue.

**C. Did the District Court Abuse Its Discretion in Awarding Attorney Fees?**

■ The only issue actually presented by this appeal is whether the district court abused its discretion in determining the amount to award in attorney fees. Because Mutual of Enumclaw did not tender the amount justly due within thirty days after receipt of the proof of loss, Parsons was entitled to an award of a reasonable attorney fee. *Martin v. State Farm Mutual Automobile Insurance Co.*, 138 Idaho 244, 61 P.3d 601 (2002); I.C. § 41–1839. After considering the factors set forth in Rule 54(e)(3) of the Idaho Rules of Civil Procedure, the district court awarded attorney fees in the sum of $20,000. Mutual of Enumclaw contends that the award of attorney fees was unreasonable because the district court placed too much emphasis on the contingent fee agreement.

■ "The calculation of reasonable attorney fees is within the discretion of the trial court." *Bott v. Idaho State Bldg. Auth.*, 128 Idaho 580, 592, 917 P.2d 737, 749 (1996). "The burden is on the party opposing the award to demonstrate that the district court abused its discretion." *Eastern Idaho Agricultural Credit Ass'n v. Neibaur*, 133 Idaho 402, 412, 987 P.2d 314, 324 (1999). To determine whether the trial court abused its discretion, we determine: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Id.*

■ "When awarding attorney's fees, a district court must consider the applicable factors set forth in I.R.C.P. 54(e)(3) and may consider any other factor that the court deems appropriate." *Hines v. Hines*, 129 Idaho 847, 855, 934 P.2d 20, 28 (1997). "Rule 54(e)(3) does not require the district court to make specific findings in the record, only to consider the stated factors in determining the amount of the fees. When considering the factors, courts need not demonstrate how they employed any of those factors in reaching an award amount." *Smith v. Mitton*, 140 Idaho 893, 902, 104 P.3d 367, 376 (2004). In addition, the "court need not specifically address all of the factors contained in I.R.C.P. 54(e)(3) in writing, so long as the record clearly indicates that the court considered them all." *Boel v. Stewart Title Guar. Co.*, 137 Idaho 9, 16, 43 P.3d 768, 775 (2002). The record shows that in this case the district court considered all of the factors listed in Rule 54(e)(3).

Mutual of Enumclaw argues that the district court could not have adequately considered the first factor listed ("[t]he time and labor required") because Parsons did not provide sufficiently detailed information as to that factor. Parsons's attorney agreed to represent her for a contingent fee of one-third of the recovery. That fee covered all claims she may have arising from the motor

vehicle collision, including both the claim against the other driver and the underinsured motorist claim against Mutual of Enumclaw. Her attorney did not keep time records, but he estimated that his firm spent a total of thirty to forty hours in representing Parsons. Mutual of Enumclaw contends that the estimate of attorney time spent in representing Parsons is insufficient because it does not break down the time between the lawsuit against the other driver and this lawsuit.

Time reasonably spent by an attorney in a lawsuit does not begin with the drafting of the complaint. Rule 11(a)(1) of the Idaho Rules of Civil Procedure requires an attorney to make a reasonable inquiry into the facts and law before filing the lawsuit. The litigation against the other driver was directly related to this lawsuit. Parsons had to recover at least the policy limits of the other driver's liability coverage in order to have an underinsured motorist claim against Mutual of Enumclaw. The district court certainly understood that the time spent by Parsons's attorney after filing the complaint against Mutual of Enumclaw was minimal. During argument on Parsons's motion for attorney fees, Mutual of Enumclaw's counsel argued that this lawsuit lasted only seventeen days and that Parsons's counsel could not have done much more than draft the complaint. Parsons's counsel did not dispute that.

█ Mutual of Enumclaw did not contend that the one-third contingent fee agreement in this case was unreasonable. As the district court noted, sometimes under a contingent fee agreement an attorney will recover more than he or she would under an hourly fee, and sometimes the attorney will recover less or nothing at all. Likewise, the attorney's client will sometimes pay more than he or she would have paid under an hourly fee agreement, and the client will at other times pay less or nothing at all for the legal services rendered. A contingent fee agreement that was reasonable when entered into does not become unreasonable simply because in the end the attorney recovers more than he or she would have under an hourly fee contract.

The district court's comments during the hearing show that it placed significant weight on the fact that Parsons had retained her attorney under a contingent fee agreement. The district court commented that the intent of Idaho Code § 41–1839 was to make the insured whole. That is consistent with our statement in *Penrose v. Commercial Travelers Insurance Co.*, 75 Idaho 524, 539, 275 P.2d 969, 978 (1954), that the statute "does not provide any additional sum to go to the insured over and above that provided in the contract but attempts to prevent the sum therein provided from being diminished by expenditures for the services of an attorney." *Accord, Martin v. State Farm Mutual Automobile Insurance Co.*, 138 Idaho 244, 247, 61 P.3d 601, 604 (2002); *Halliday v. Farmers Ins. Exchange*, 89 Idaho 293, 299, 404 P.2d 634, 637 (1965).

The district court clearly understood that this was a matter of discretion, and it reached its decision by an exercise of reason. Its decision was within the outer boundaries of its discretion and consistent with the legal standards applicable to the specific choices available to it. In *Brinkman v. Aid Insurance Co.*, 115 Idaho 346, 351, 766 P.2d 1227, 1232 (1988), we held, "An amount equal to standard contingent fees in the same locale is not an amount that is clearly erroneous." In *Young v. State Farm Mutual Automobile Insurance Co.*, 127 Idaho 122, 898 P.2d 53 (1995), we upheld an award that was only one-half of the contingent fee. In both cases, the amount awarded was within the discretion of the trial court. Mutual of Enumclaw has failed to show that the district court abused its discretion in awarding Parsons $20,000 in attorney fees.

## D. Is Parsons Entitled to an Award of Attorney Fees on Appeal?

█ Parsons seeks an award of attorney fees on appeal pursuant to Idaho Code § 41–1839. She was entitled to an award of attorney fees under that statute in the trial court, and she has prevailed on the appeal challenging the reasonableness of that award. She is therefore also entitled to an award of attorney fees on appeal under Idaho Code § 41–1839. *Martin v. State Farm Mutual Auto-*

*mobile Insurance Co.*, 138 Idaho 244, 61 P.3d 601 (2002); *Halliday v. Farmers Ins. Exchange*, 89 Idaho 293, 404 P.2d 634 (1965).

## IV. CONCLUSION

We affirm the judgment of the district court and award the respondent costs on appeal, including a reasonable attorney fee.

Justice TROUT and Justice Pro Tem KIDWELL concur.

Chief Justice SCHROEDER attended oral argument but did not participate in the opinion.

JONES, J., CONCURRING in part and DISSENTING in part.

I concur with the Court's opinion, with the exception of that portion of Part IIIC upholding the amount of the fee award and Part IIID awarding fees on appeal. I would vacate the district court's fee award and remand for a determination of the amount of fees necessitated by the suit against Mutual of Enumclaw.

I agree with that portion of Part IIIC wherein the Court holds that Parsons was entitled to an award of a reasonable attorney fee under I.C. § 41–1839. This Court made clear in *Martin v. State Farm Mutual Automobile Insurance Co.*, 138 Idaho 244, 248, 61 P.3d 601, 605 (2002) that "if the insurance company makes no tender within thirty days ... [it] is liable for a reasonable amount of the insured's attorney fees, as compensation to make the insured whole." Here, rather than making a tender less than the $100,000 policy limits demanded by Parsons or advising Parsons that the proof of loss was insufficient, Mutual of Enumclaw chose to remain silent for more than thirty days following the demand, making itself liable for an attorney fee under I.C. § 41–1839.

In my view, the district court erred in failing to narrow the focus of its fee inquiry. I.C. § 41–1839(1) provides that an insurer which fails to pay the amount justly due under a policy within thirty days after receiving proof of loss "shall in any action thereafter brought against the insurer ... pay such further amount as the court shall adjudge

reasonable as attorney's fees in such action." This provision does not provide that the insured can collect the fee for the entire claim but, rather, for the fees occasioned by the action to prompt payment of the amount owing by the insurer.

The problem with the district court's determination of the fee award is that it focused on the factors related to work done by Parsons' attorney on the entire claim. That is, the work expended from the time the attorney first took the case, through the time expended on the settlement with the tortfeasor's insurance carrier, to the time the suit was concluded against Mutual of Enumclaw. This larger focus was primarily the result of the fee affidavit submitted by Parsons' attorney which related to work done from the day Parsons engaged him. The affidavit did not contain a breakdown of the I.R.C.P. 54(e)(3) factors as they pertained to the action against Mutual of Enumclaw. I believe the district court erred in failing to limit the focus of its inquiry to the additional fees that may have been a result of this action.

This Court noted in *Wolfe v. Farm Bureau Ins. Co.*, 128 Idaho 398, 405, 913 P.2d 1168, 1175 (1996) that operation of I.C. § 41–1839 requires an action to be filed in court and that an action is commenced with the filing of a complaint. While a fee award can certainly include preparatory work, such as the letter Parsons' attorney sent to Mutual of Enumclaw on September 21, 2004, along with the proof of loss information, it would not encompass her attorney's work on the entire matter from the time she first retained him in July of 2004.

I.R.C.P. 54(e)(3) requires that the trial court, in setting the amount of the fee award, consider all eleven factors stated therein, plus any additional factor the court deems appropriate. *Lettunich v. Lettunich*, 141 Idaho 425, 435, 111 P.3d 110, 120 (2005). The focus of this inquiry must also be confined to the action at hand, not some larger controversy involving the parties. By failing to confine its examination of the factors within the context of the suit against Mutual of Enumclaw, the district court erred.

In analogous situations, we have held that statutory attorney fees are to be confined to

the dispute covered by the particular statute. Under I.C. § 7–911, we have allowed attorney fees for an action to confirm or enforce an arbitration award but not for the underlying arbitration. *Driver v. SI Corp.*, 139 Idaho 423, 430, 80 P.3d 1024, 1031 (2003). In a suit to enforce a performance or payment bond, we have allowed attorney fees under I.C. § 54–1929 but not for the defense of a counterclaim brought for breach of contract in the same action. *Oldcastle Precast, Inc. v. Parktowne Const. Inc.*, 142 Idaho 376, 378, 128 P.3d 913, 915 (2005).

The purpose of I.C. § 41–1839 is not furthered by awarding Parsons the full amount of the contingency fee that was agreed upon between herself and her lawyer for the entire claim. I.C. § 41–1839 is "not a penalty but is an additional sum rendered as compensation when the insured is entitled to recover under the insurance policy, 'to prevent the sum therein provided from being diminished by expenditures for the services of an attorney ….'" *Martin*, 138 Idaho at 247, 61 P.3d at 604. The evidence before the district court was that Parsons had agreed to pay her attorney a one-third contingency fee for amounts recovered for the entire claim. Thus, with respect to the uninsured motorist claim, Parsons was to pay her attorney one third of the amount "justly due". Although Parsons demanded the policy limit of $100,000, she settled for $60,000 as the amount being justly due. Thus, her attorney fee was to be in the amount of $20,000. On the other hand, her recovery would be $40,000. The purpose of I.C. § 41–1839 would be served by insuring that attorney fees incurred in the suit against Mutual of Enumclaw would not eat into this recovery.

However, the district court saw it somewhat differently. According to the court, "it seems to me that this statute is intended to make this client whole, to give her the 20 grand back." In other words, the district court believed that the statute was intended to cover her entire attorney fee for the claim, rather than the incremental amount required for preparing and filing the suit against Mutual of Enumclaw to bring about the payment.

As it turns out, both Parsons and her attorney profited by virtue of the full fee award. After the hearing on the fee matter, Parsons' attorney submitted an additional affidavit, indicating how the additional $20,000 would be divided between them. According to the attorney, the $20,000 would be aggregated with the $60,000 and the one-third contingency fee would be applied against the combined sum. Thus, instead of getting the $40,000 that she would have received if Mutual of Enumclaw had been 22 days earlier in making its tender, she would receive $53,336. Her attorney would get $26,664, instead of $20,000.

It is not clear from the record whether the district court considered this factor in its determination. This factor came to light after the hearing, where the court had recited that it had considered the Rule 54 factors, but no mention was made in the eventual written decision. Nor, was there mention made in either instance whether the court had considered the fact that a demand had been made in the amount of $100,000 but the amount justly due was later determined to be $40,000 less. This would obviously be another relevant factor to consider.

In my estimation, the district court's fee award was excessive because the court did not confine its inquiry to the amount of fees necessitated by the lawsuit against Mutual of Enumclaw. I would vacate the award and remand back to the district court for determination of the amount of fees that the court finds to be reasonable with respect to the section 41–1839 suit against Mutual of Enumclaw. I would not determine Parsons to be the prevailing party and would not award attorney fees on appeal.