153 P.3d 1164

Leslie LAKE and Diane Lake,
Plaintiffs–Respondents,

v.

Shana PURNELL, James Purnell, Wendy
Purnell, and Does I–IV, unknown
parties, Defendants–Appellants.

Leslie Lake and Diane Lake, husband and
wife as guardians for Justin Lake and
Allison Lake, minor children, Plaintiffs–
Respondents,

v.

Shana Purnell, James Purnell, Wendy
Purnell, and Does I–IV, unknown
parties, Defendants–Appellants.

No. 32435.

Supreme Court of Idaho,
Boise, February 2007 Term.

Feb. 21, 2007.

Saetrum Law Offices, Boise, for appellants.

Johnson & Lundgreen, Boise, for respondents.

EISMANN, Justice.

This is an appeal challenging the reasonableness of the award of attorney fees made to the prevailing plaintiffs in an action resolved under the Small Lawsuit Resolution Act. The defendants contend that the district court erred in awarding attorney fees in an amount equivalent to plaintiffs' counsel's contingent fee, especially where the case was resolved under the Small Lawsuit Resolution Act and plaintiffs' counsel did not keep records of his time spent on the case. We affirm the district court and award the plaintiffs attorney fees on appeal.

## I. FACTS AND PROCEDURAL HISTORY

On December 26, 2001, Shana Purnell was driving an automobile owned by her parents James and Wendy Purnell (all herein called Purnells). As she approached traffic stopped at a red light, her vehicle slid on a patch of ice and collided with the rear of a vehicle occupied by Leslie and Diane Lake and their two minor children, Justin and Allison.

On December 15, 2003, Leslie and Diane Lake filed a lawsuit seeking to recover damages for their injuries. They alleged that the total damages claimed for each of them did not exceed $25,000. The Purnells answered on May 28, 2004. On June 9, 2004, the Lakes filed a notice that they desired to have the case resolved under the Small Lawsuit Resolution Act, I.C. §§ 7–1501 et seq. The parties later stipulated that the claims of Diane Lake would be handled under the Act and that the claims of Leslie Lake would be resolved in court.

On January 24, 2005, the Lakes, as guardians of their minor children, Justin and Allison, filed a second lawsuit seeking to recover damages for injuries suffered by their children in the accident. They alleged that the total of all damages claimed did not exceed $25,000 and that they had complied with the requirements for obtaining an award of attorney fees under Idaho Code § 12–120(4). The Purnells answered on February 10, 2005. On motion of the Lakes, the second lawsuit was ordered consolidated with the first. They also decided to have their children's claims resolved under the Small Lawsuit Resolution Act.

The claims of Diane, Justin, and Allison were heard by the evaluator on April 27, 2005. The following day, the evaluator issued a written decision awarding Diane damages of $13,345; awarding Justin damages of $4,986; and awarding Allison damages of $4,846. The Purnells did not request a trial de novo in the district court as provided by Idaho Code § 7–1509(2). Therefore, on June 7, 2005, the Lakes filed a motion for entry of judgment based upon the evaluator's decision and for an award of attorney fees and costs.

The Lakes sought an award of attorney fees under Idaho Code § 12–120(4) with respect to the recovery of damages for Justin and Allison. That statute requires that demand for payment of a claim be served on the defendant's insurer at least sixty days prior to the commencement of the action.[1] On August 18, 2004, they made written demand upon the Purnells' insurer. The insurer responded by letter dated October 12, 2004, offering $4,460 to settle Justin's claim and $4,049 to settle Allison's claim. The Lakes rejected those offers, and on January 24, 2005, they filed the lawsuit on behalf of Justin and Allison. Because the Purnell's insurer did not, prior to the filing of the lawsuit, tender amounts equal to at least ninety percent of the amounts recovered on behalf of Justin and Allison, the Lakes were entitled to an award of attorney fees under Idaho Code § 12–120(4) for prosecuting those claims.[2]

---

1. When the Lakes initially contacted their attorney, there was not sufficient time before the expiration of the statute of limitations as it ap-

plied to Diane to make written demand at least sixty days before filing the lawsuit.

2. The amount offered to settle Justin's claim was 89.45% of the amount recovered, and the amount

They had retained counsel under a one-third contingent fee agreement and so sought an award of attorney fees of $1,662.00 for prosecuting Justin's claim and $1,615.33 for prosecuting Allison's claim, for a total of $3,277.33. The Purnells objected to the request for attorney fees on two grounds. First, they contended that an award of attorney fees in a case resolved under the Small Lawsuit Resolution Act should not be based upon a contingent fee. Second, they contended that Justin's and Allison's attorney did not provide sufficient information because he did not keep a record of the time spent on the case and could only estimate that he had spent ten to twelve hours on it. After considering all of the factors in Rule 54(e)(3) of the Idaho Rules of Civil Procedure, the district court awarded attorney fees in the sum of $3,277.33. The court entered appropriate judgments and certified them as final pursuant to Rule 54(b) of the Idaho Rules of Civil Procedure. The Purnells then timely appealed.

## II. ISSUES ON APPEAL

1. Did the district court abuse its discretion in awarding attorney fees?

2. Are Justin and Allison Lake entitled to an award of attorney fees on appeal?

## III. ANALYSIS

### A. Did the District Court Abuse Its Discretion in Awarding Attorney Fees?

The Purnells contend that the district court abused its discretion in awarding attorney fees for two reasons. First, the Purnells assert that the district court abused its discretion when it based its award on the contingent fee agreement between the attorney and the Lakes. According to the Purnells, doing so is an abuse of discretion in cases resolved under the Small Lawsuit Resolution Act. Second, the Purnells assert that the district court abused its discretion in failing to require that the Lakes' attorney submit detailed time records before awarding any attorney fees.

The issues raised by the Purnells in this case were recently addressed by this Court in *Parsons v. Mutual of Enumclaw Insurance Co.*, 152 P.3d 614 (Idaho 2007). In *Parsons* we held that the district court did not abuse its discretion in awarding attorney fees based upon the contingent fee agreement between the prevailing plaintiff and her attorney. The district court in *Parsons* considered the applicable factors set forth in I.R.C.P. 54(e)(3) but placed significant weight upon the fact that Parsons had retained her counsel under a contingent fee agreement. As we concluded in *Parsons*:

The district court clearly understood that this was a matter of discretion, and it reached its decision by an exercise of reason. Its decision was within the outer boundaries of its discretion and consistent with the legal standards applicable to the specific choices available to it. In *Brinkman v. Aid Insurance Co.*, 115 Idaho 346, 351, 766 P.2d 1227, 1232 (1988), we held, "An amount equal to standard contingent fees in the same locale is not an amount that is clearly erroneous." In *Young v. State Farm Mutual Automobile Insurance Co.*, 127 Idaho 122, 898 P.2d 53 (1995), we upheld an award that was only one-half of the contingent fee. In both cases, the amount awarded was within the discretion of the trial court.

The Purnells argue, however, that attorney fee awards based upon a contingent fee agreement should not be permitted in lawsuits resolved under the Small Lawsuit Resolution Act. They cannot point to any provision in the Act so providing, and its express provisions are to the contrary. Idaho Code § 7-1509(9) provides, "[T]he provisions of this chapter do not affect or preclude the application of any other statute or rule regarding fees or costs including, but not limited to, those in title 7 or 12, Idaho Code, section 41–1839, Idaho Code, or the Idaho rules of civil procedure." A trial court's discretion to award attorney fees in cases resolved under the Small Lawsuit Resolution Act is the same as its discretion in cases resolved in court. The attorney fees in this case were awarded pursuant to Idaho Code

offered to settle Allison's claim was 83.55% of the          amount recovered.

§ 12–120(4) and in a manner consistent with Rule 54(e)(3) of the Idaho Rules of Civil Procedure.

■ The Purnells argue that "in this case the Respondents' demand is in error by over 200% and yet they were able to claim entitlement to attorney fees." The difference between the demand made by a plaintiff and the plaintiff's ultimate recovery is an issue the trial court can consider in deciding whether the plaintiff is the prevailing party. *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 141 Idaho 716, 117 P.3d 130 (2005). Rule 54(d)(1)(B) provides, "In determining which party to an action is a prevailing party and entitled to costs, the trial court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties." The Purnells do not challenge the finding that the Lakes were prevailing parties in this litigation.

■ Their complaint is really with the provisions of Idaho Code § 12–120(4). To avoid liability for attorney fees under that statute, they had to tender to the Lakes prior to the commencement of this action an amount equal to at least ninety percent of the amount ultimately awarded. The Purnells did not do so. With respect to Justin, their offer was $27.40 too low, and with respect to Allison their offer was $312.40 too low. As a result, Justin and Allison were entitled to an award of a reasonable attorney fee under Idaho Code § 12–120(4). That statute does not base entitlement to an award of attorney fees upon whether the plaintiff recovers a certain percentage of the written demand for payment. It bases the award upon the comparison between the defendant's tender prior to the filing of the lawsuit and the plaintiff's ultimate recovery.

■ In *Parsons* we also held that the district court had adequate information to determine a reasonable attorney fee award even though Parsons's attorney did not keep time records and could only estimate the amount of time he spent in representing her. The Lakes' attorney likewise did not keep time records and was only able to estimate the amount of time spent on this case. The district court did not abuse its discretion in failing to require the Lakes' attorney to produce non-existent records, nor did the district court lack sufficient information upon which to make an award of a reasonable attorney fee. We affirm the award of attorney fees.

**B. Are Justin and Allison Lake Entitled to an Award of Attorney Fees on Appeal?**

■ The Lakes request an award of attorney fees on appeal pursuant to Idaho Code §§ 12–120(4) and 12–121. The Lakes were entitled to an award of attorney fees below pursuant to Idaho Code § 12–120(4). Because they prevailed on appeal, they are entitled to an award of attorney fees on appeal under that statute. *Cox v. Mulligan*, 142 Idaho 356, 128 P.3d 893 (2005). We therefore need not address their request for an award of attorney fees on appeal pursuant to Idaho Code § 12–121.

**IV. CONCLUSION**

We affirm the judgment of the district court awarding attorney fees and we award the respondents costs, including a reasonable attorney fee, on appeal.

Chief Justice SCHROEDER, and Justices TROUT, BURDICK and JONES concur.