106 P.3d 425

**Leon R. MURRAY, Plaintiff–Appellant,**

v.

**James SPALDING; Lisa Cates; Joeklauser; Gary Barrier; CPL.Price; Mike Johnson; Correctional Officer MacDuffie; Michael Davis; James Rice; Correctional Officer James; Correctional Officer Braseth; CPL. Cole; Correctional Officer O'Connor; Sergeant Caldwell; Correctional Officer Watson; Correctional Officer Grindle; Sergeant Payton; Pam Sonnen; Dave Paskett; Correctional Officer Meo; Sergeant Fletcher; Lieutenant Rogers; John Does 1–10, Citizens of Idaho and Employees of the State of Idaho Board of Correction and Idaho Department of Correction, Defendant–Respondent.**

No. 31044.

Supreme Court of Idaho,
Boise, December 2004 Term.

Jan. 28, 2005.

Leon R. Murray, Boise, pro se.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondents.

EISMANN, Justice.

This is an appeal from an order dismissing this action without prejudice as to the named defendants for the failure to serve them with the summons and complaint within six months as required by Rule 4(a)(2) of the Idaho Rules of Civil Procedure. The Plaintiff, who is incarcerated in the penitentiary, contends that he showed good cause for the failure to serve the summons and complaint timely. We hold that he has not shown that the district court erred in finding lack of good cause.

## I. FACTS AND PROCEDURAL HISTORY

On August 15, 2000, the Plaintiff–Appellant, Leon Murray, filed a civil rights complaint seeking to have various prison policies declared void, to obtain injunctive relief, and to recover damages. The Plaintiff was incarcerated in prison and was acting as his own attorney. On June 3, 2002, the named defendants (Defendants) moved to dismiss the complaint for the Plaintiff's failure to serve them within six months as required by Rule 4(a)(2) of the Idaho Rules of Civil Procedure. On June 4, 2002, the district court entered a memorandum decision and order granting the motion.

The record on appeal of the proceedings in the trial court consists simply of the complaint and the district's court's memorandum decision and order. In its memorandum decision, the district court indicated that the Plaintiff first attempted to serve the Defendants by mail, then asked the court to order the county to pay the costs of serving the Defendants, and ultimately served the Defendants on May 23, 2002.

The district court found that the Plaintiff had not shown good cause for failing to serve the Defendants within the six-month period required by Rule 4(a)(2). It dismissed the action without prejudice, and the Plaintiff timely appealed. The appeal was initially heard by the Idaho Court of Appeals, which, in an unpublished opinion, affirmed the district court on the ground that the record on appeal was insufficient to show any error by the district court. We then granted the Plaintiff's petition for review.

## II. ANALYSIS

In cases that come before this Court on a petition for review of a Court of

Appeals decision, this Court gives serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court. *Head v. State*, 137 Idaho 1, 43 P.3d 760 (2002). *Pro se* litigants are held to the same standards and rules as those represented by an attorney. *Twin Falls County v. Coates*, 139 Idaho 442, 80 P.3d 1043 (2003).

Rule 4(a)(2) of the Idaho Rules of Civil Procedure provides that a complaint must be dismissed without prejudice if "service of the summons and complaint is not made upon a defendant within six (6) months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period." The summons and complaint can be served either by the sheriff, I.C. § 31–2202, or by any person over the age of eighteen years who is not a party to the action, I.R.C.P. 4(c)(1). Although the sheriff and private process servers charge a fee for doing so, a plaintiff would not incur any fee for service of process if he or she had a friend or acquaintance agree to do so without charge. The Plaintiff in this case ultimately had someone serve the summons and complaint upon the Defendants, apparently at no cost to him.

The Plaintiff was able to have the Defendants served with the summons and complaint. He simply did not do so within the six month period required by Rule 4(a)(2). The issue is whether the district court erred in finding that the Defendant had failed to show good cause why service was not made within that six-month period. The record on appeal does not show what information the Plaintiff presented to the district court in an attempt to show good cause. In his brief, the Plaintiff argues that he filed a "Motion and Request for Service of Process," a "Motion for Appointment of Counsel," a "Motion for Service of Subpoena Without Cost," and a "Motion to Reconsider Waiver of Process Fees," all of which the district court denied. None of those motions are in the record on appeal, nor are the district court orders denying them.

■ The district court had no authority to appoint counsel for the Plaintiff. He had no constitutional or statutory right to appointed counsel in this case. The district court had no authority to waive any fee that may be charged to serve the summons and complaint. Since it is not the court who charges that fee, it cannot waive it. The district court likewise had no authority to order that any fees for service of the summons and complaint be paid at public expense. Idaho Code § 31–3220(6) provides that if the court finds that a person who is not a prisoner is unable to pay the fees for service of process in a civil lawsuit, such fees "shall be paid out of the district court fund of the county in which the action is filed." Idaho Code § 31–3220A, which applies to indigent prisoners, does not contain a similar provision. Finally, the district court had no authority to order that service of the summons and complaint be accomplished by mail. It could not disregard the Idaho Rules of Civil Procedure specifying the manner of accomplishing service.

■ We do not presume error on appeal; the party alleging error has the burden of showing it in the record. *Miller v. Callear*, 140 Idaho 213, 91 P.3d 1117 (2004). Because there is nothing in the record showing that the Plaintiff had good cause for failing to serve the summons and complaint timely, he has failed to show that the district court erred in dismissing the complaint without prejudice.

■ The Plaintiff raises several other issues on appeal, including whether he was denied the equal protection of the law because Idaho Code § 31–3220A does not provide for the payment at public expense of fees charged indigent prisoners for service of process in civil actions while § 31–3220(6) does provide for the payment of such fees for indigents who are not prisoners. The long-standing rule of this Court is that we will not consider issues that are raised for the first time on appeal. *Row v. State*, 135 Idaho 573, 21 P.3d 895 (2001). The exception to this rule is that constitutional issues may be considered for the first time on appeal if such consideration is necessary for subsequent proceedings in the case. *Id.* Because there are no subsequent proceedings in this case,

the exception does not apply. Therefore, this Court will not consider the issues raised by the Plaintiff for the first time on appeal.

## III.   CONCLUSION

The judgment of the district court is affirmed.   Costs on appeal to the Defendants.

Chief Justice SCHROEDER, and Justices TROUT, KIDWELL and BURDICK concur.