IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 33348

| COBI STRAUB, | ) | Boise, April 2007 Term |
| | ) | |
| Plaintiff-Respondent, | ) | 2007 Opinion No. 121 |
| | ) | |
| v. | ) | Filed: November 27, 2007 |
| | ) | |
| DONALD R. SMITH and LESLIE SMITH, | ) | Stephen W. Kenyon, Clerk |
| husband and wife, | ) | |
| | ) | SUBSTITUTE OPINION. THE |
| Defendants-Appellants. | ) | OPINION DATED |
| | ) | JULY 31, 2007 IS HEREBY |
| | ) | WITHDRAWN. |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Honorable John Thomas Mitchell, District Judge.

District court denial of attorney fees and costs, <u>reversed and remanded.</u>

John Patrick Whelan, Coeur d'Alene, for appellants.

Beck & Poorman, LLC, Hayden, for respondent.

---

BURDICK, Justice

Donald and Leslie Smith appeal from the district court's denial of an award of attorney fees and costs. We reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellants, Donald Smith and Leslie Smith (the Smiths), sold a duplex located in Post Falls, Idaho to Respondent, Cori Straub. In relation to that transaction, Straub filed a complaint against the Smiths. The Smiths filed a *pro se* answer in which they did not plead costs or attorney fees. The Smiths retained counsel in November 2004. Then, in December 2004 Straub filed an amended complaint which contained a request for an award of punitive damages. The Smiths did not respond to the amended complaint.

Six days before trial, Straub sent a fax to the Smiths stating she wished to dismiss the case and asking the Smiths to sign a stipulation to the dismissal. On that same day, a motion to dismiss the case with prejudice, signed by Straub's attorney, and a stipulation to the dismissal

1

signed by the Smiths' attorney, were filed with the court. Neither the motion to dismiss nor the stipulation mentioned costs or fees. Straub then prepared an order of dismissal for the district court, which the court accepted. The order dismissed the case with prejudice and stated there would be no award of fees or costs. Straub did not present the proposed order to the Smiths before submitting it to the district court.

The Smiths then filed a motion for reconsideration of the court's order of dismissal and a memorandum of costs with the district court. After a hearing on the motion, the district court denied the Smiths' motion for reconsideration. The Idaho Court of Appeals reversed the denial of the motion for reconsideration and remanded to the district court. This Court, on its own motion, granted a review on the briefs.

## II. ANALYSIS

The Smiths appeal the district court's denial of their motion to reconsider the portion of the court's order dismissing the case without an award of costs or attorney fees.[1] Straub argues that the Smiths waived their right to claim costs and fees and that the Smiths would not be entitled to costs or fees because they did not request them in their pleading. The Smiths ask for attorney fees on appeal. We will address each issue below.

### A. The Smiths did not waive their right to claim costs or fees.

Straub argues that because this was an I.R.C.P. 41(a)(1) voluntary dismissal by stipulation of the parties and not an I.R.C.P. 41(a)(2) dismissal by court order, the Smiths waived their right to claim costs and fees when they did not expressly reserve the right in their stipulation. We will first determine the type of dismissal and then address Straub's waiver argument.

First, Straub argues that the dismissal was pursuant to I.R.C.P. 41(a)(1) and not I.R.C.P. 41(a)(2). Under I.R.C.P. 41(a)(1) "an action may be dismissed by the plaintiff without order of

---

[1] The Smiths also appeal the district court's grant of Straub's motion to amend her complaint to include punitive damages. However, a decision on that issue will not affect the outcome of this case. The Smiths assert they appeal this issue to show that they did not fail in their duty to submit an amended answer and therefore, did not forego a second opportunity to plead costs and attorney fees. Regardless, our decision is not based upon the fact that the Smiths had a second opportunity to plead costs and fees but failed to do so. Furthermore, the Smiths have failed to cite any authority to support the proposition that because the court erroneously allowed the amended pleading, they are relieved of their I.R.C.P. 15(a) duty to respond. *See Farber v. Howell*, 105 Idaho 57, 59, 665 P.2d 1067, 1069 (1983) (rejecting the argument that appellants were relieved of their responsibility to amend the pleading when the amendment went only to formal or immaterial matters and noting that I.R.C.P. 15(a) clearly requires a party to plead in response to an amended pleading).

2

court . . . (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action." If the defendant does not stipulate to the dismissal, I.R.C.P. 41(a)(2) provides that the "action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

On April 15, 2005, "[b]ased upon the plaintiff's motion to dismiss, the defendants' stipulation and good cause appearing," the district court entered an order of dismissal. That order dismissed the case with prejudice "and without an award of attorney fees or costs to either party." Straub argues that this order has no effect because it came after the I.R.C.P. 41(a)(1)(ii) dismissal by stipulation of parties. Although the parties failed to sign the same document stipulating to the dismissal, two documents were filed on the same day stipulating to the dismissal of the case with prejudice. Straub filed a motion to dismiss the case with prejudice and the Smiths filed a document stipulating to the entry of an order granting the plaintiff's motion to dismiss the case with prejudice. These documents were both filed on April 12, 2005; neither document mentioned costs or attorney fees. Even though the two documents filed by the parties use the phrasing "order to dismiss the case," in substance these documents appear to constitute an I.R.C.P. 41(a)(1)(ii) dismissal. Therefore, because we look to substance over form, *In re Weick*, 142 Idaho 275, 279, 127 P.3d 178, 182 (2005), we will consider it a dismissal by stipulation of the parties.

However, even if we treat this as an I.R.C.P. 41(a)(1)(ii) dismissal, there is no support for Straub's argument that the Smiths waived their claim to costs or fees. First, there was no actual waiver in this case. A waiver is a voluntary, intentional relinquishment of a known right. *Frontier Fed. Sav. & Loan Ass'n v. Douglass*, 123 Idaho 808, 812, 853 P.2d 553, 557 (1993). There is no indication that the Smiths voluntarily gave up their right to seek costs and fees. Straub notified the Smiths by fax of the dismissal. The fax in its entirety states:

> My client has informed me that she no longer wishes to pursue this matter. Our motion to dismiss is attached. If you have no objection, please sign the attached stipulation and return to my office. Otherwise, I will schedule a hearing for the motion.
>
> I have notified the court.

Neither the motion to dismiss nor the stipulation mentions costs or fees. Since in this case the Smiths were unaware that stipulating to dismissal of the case also meant they were agreeing to not pursue costs or fees, there was no voluntary, intentional relinquishment of a known right.

Second, Straub argues that there is an implicit waiver of costs and fees if a defendant signs a stipulation to dismiss a case pursuant to I.R.C.P. 41(a)(1)(ii), unless in the stipulation the parties expressly reserve the right to later determine an award of costs and fees, because a dismissal effectively ends the case for all purposes. We disagree.

A stipulation is a contract, and we will apply contractual principles of interpretation when reviewing a stipulation. *Maroun v. Wyreless Sys., Inc.*, 141 Idaho 604, 611, 114 P.3d 974, 981 (2005); *Win of Michigan, Inc. v. Yreka United, Inc.*, 137 Idaho 747, 750-51, 53 P.3d 330, 333-34 (2002). "The determination and legal effect of a contractual provision is a question of law." *Maroun*, 141 Idaho at 611, 114 P.3d at 981. Our primary objective when interpreting a contract is to discover the mutual intent of the parties at the time the contract is made. *Opportunity, L.L.C. v. Ossewarde*, 136 Idaho 602, 607, 38 P.3d 1258, 1263 (2002). "If possible, the intent of the parties should be ascertained from the language of the agreement as the best indication of their intent." *Id.* We construe the contract against the person who prepared the contract. *Win of Michigan, Inc.*, 137 Idaho at 751, 53 P.3d at 334.

The stipulation, which was prepared by Straub, is silent on the issue of costs and fees. There is nothing to indicate that when the Smiths signed the stipulation, the silence indicated an intent that the Smiths would forego the opportunity to pursue an award of costs and fees. Furthermore, we have said costs and attorney fees are collateral issues which do not go to the merits of an action and that a district court retains jurisdiction to make such an award after a suit has been terminated. *Inland Group of Cos., Inc. v. Obendorff*, 131 Idaho 473, 475, 959 P.2d 454, 456 (1998). Thus, the stipulation to dismiss the case with prejudice must be interpreted not to include any agreement regarding costs and fees, which can be awarded after a suit is terminated. Hence, we hold that although the dismissal was pursuant to I.R.C.P. 41(a)(1), the Smiths did not waive their claim for fees and costs by failing to expressly reserve that issue in their stipulation.

**B. Costs and attorney fees need not be pleaded.**

The Smiths assert that their failure to plead costs is not fatal to their claim for costs. Straub argues that both attorney fees and costs must be pleaded in order to be recovered.[2]

---

[2] Additionally, Straub argues that even if costs and fees need not be pleaded, the Smiths still would not be entitled to an award in this case. First, Straub asserts that the Smiths would not have been entitled to an award because they could not have been considered prevailing parties. In the hearing on the motion for reconsideration the district court found the Smiths were the prevailing parties. This finding was within the court's discretion. We have held that a party dismissed before trial can be a prevailing party because it was the most favorable outcome that could have

4

First, I.R.C.P. 54(e)(4) and our decision in *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 141 Idaho 716, 117 P.3d 130 (2005), make it clear that generally it is not necessary to plead attorney fees. The appellants in *Eighteen Mile* appealed the district court's denial of their post-trial request for attorney fees and costs based on its determination that they were not prevailing parties. *Id.* at 718, 117 P.3d at 132. The respondents argued that in order to be awarded attorney fees, the prevailing party must state in its pleadings the specific code section constituting the basis for the award. *Id.* at 720, 117 P.3d at 134. The Court disagreed, relying on I.R.C.P. 54(e)(4), which provides that generally, in a civil action, it is not necessary "for any party in a civil action to assert a claim for attorney fees in any pleading. . . ." *Id.* The exception to the general rule is that if the basis for attorney fees is something other than I.C. § 12-121, attorney fees must be pleaded to be recovered when the judgment is by default. *Eighteen Mile*, 141 Idaho at 721, 117 P.3d at 135; I.R.C.P. 54(e)(4). The case before us does not involve a default judgment; thus, to require that attorney fees be pleaded in this case would be contrary to I.R.C.P. 54(e)(4). Hence, we hold it was not necessary for the Smiths to plead attorney fees in order to receive an award.

Second, it is not necessary to plead costs. Straub argues that I.R.C.P. 8(a)(1) requires that costs be pleaded in order to be awarded because according to that rule a pleading shall contain a demand for judgment for the relief the pleader believes he is entitled to and because a party must be put on notice of the fees that will be claimed.[3] I.R.C.P. 8(a)(1) states:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) if the court be of limited jurisdiction, a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.

Nonetheless, the rules as a whole indicate that the type of relief contemplated by I.R.C.P. 8(a)(1) does not appear to include costs of bringing or defending the lawsuit. The rules explicitly

---

been achieved. *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 141 Idaho 716, 719, 117 P.3d 130, 133 (2005). Likewise, in this case, Straub's voluntary dismissal of her case before trial is the most favorable outcome the Smiths could have achieved. Second, Straub argues that the Smiths would not be entitled to fees on the basis of their contract with Straub because that contract was merged into the warranty deed. However, according to the record before us, this issue was not raised below. Generally, we do not consider issues raised for the first time on appeal, *Murray v. Spalding,* 141 Idaho 99, 101, 106 P.3d 425, 427 (2005), and we decline to do so now.

state that attorney fees generally need not be included in the pleading. There is no similar rule stating costs need not be asserted in a pleading, but I.R.C.P. 54(d)(1) provides that "[e]xcept when otherwise limited by these rules, costs shall be allowed as a matter of right to the prevailing party or parties, unless otherwise ordered by the court." Thus, all parties are on notice that costs shall be allowed as a matter of right to the prevailing party. The rule setting out the procedure for a party who "claims costs," I.R.C.P. 54(d)(5), does not require that costs be pleaded and only requires that a party claiming costs serve a memorandum of costs on adverse parties within fourteen days after the entry of judgment. These rules taken together lead us to conclude that the "relief" discussed in I.R.C.P. 8(a)(1) does not include costs. Hence, we hold that the failure to plead costs will not preclude an award of costs.

Therefore, we hold the Idaho Rules of Civil Procedure do not require that a party must plead attorney fees, unless the I.R.C.P. 54(e)(4) exception regarding default judgments applies, or costs.

## C. The district court abused its discretion by denying the motion for reconsideration.

The Smiths argue that the district court erred when it denied their motion for reconsideration. A decision to grant or deny a motion for reconsideration generally rests in the sound discretion of the trial court. *Jordan v. Beeks*, 135 Idaho 586, 592, 21 P.3d 908, 914 (2001). Abuse of discretion is determined by a three part test which asks whether the district court "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) reached its decision by an exercise of reason." *Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.*, 139 Idaho 761, 765, 86 P.3d 475, 479 (2004) (citations omitted).

The district court abused its discretion because its decision was not consistent with legal standards. The district court stated it was denying the motion for reconsideration because I.R.C.P. 8(a)(1) required that costs and fees be included in the pleading to be recovered and for the alternative reason that the Smiths "failed to cite any rule or basis for the Motion for Reconsideration." First, as discussed above, I.R.C.P. 8(a)(1) does not require that costs or fees

---

[3] Straub also argues that I.R.C.P. 8(a)(1) requires that attorney fees be pleaded as a precursor to an award; however, that is contrary to I.R.C.P. 54(e)(4) which states that generally attorney fees need not be pleaded.

be pleaded in order to be recovered. Hence, to deny the motion on those grounds was inconsistent with legal standards.

As to the second reason for the denial, we disagree that the Smiths failed to cite a rule or basis for the motion. The Smiths made a motion to reconsider pursuant to I.R.C.P. 11(a). However, a party may only make a motion to reconsider interlocutory orders or orders entered after the entry of final judgment. I.R.C.P. 11(a)(2). The dismissal was a final judgment and thus, the Smiths' motion to reconsider should be treated as a motion to modify or amend the order of dismissal. The Court reviews an order denying a motion to alter or amend judgment for abuse of discretion. *Slaathaug v. Allstate Ins. Co.*, 132 Idaho 705, 707, 979 P.2d 107, 109 (1999). Pursuant to I.R.C.P. 59(e), a district court can correct legal and factual errors occurring in proceedings before it. *Id*. In this case, the Smiths supported their motion with an affidavit alerting the court to the fact that though the Smiths stipulated to dismissal with prejudice, they did not agree to waive costs. Thus, if the court entered the order denying costs and fees because it understood that to be part of the stipulation terms, the Smiths' motion alerted it to the factual error and the motion gave it the opportunity to correct that error. Hence, the Smiths specified a sufficient basis for the motion and relief sought. Therefore, because neither of the reasons given by the district court supports a denial of the Smiths' motion for reconsideration, we hold the denial of that motion was an abuse of discretion, and we reverse and remand the matter to the district court for further proceedings consistent with this opinion.

**D. The Smiths are entitled to attorney fees on appeal.**

The Smiths request an award of attorney fees on appeal pursuant to I.C. § 12-120(3) which states that in any commercial transaction "the prevailing party shall be allowed a reasonable attorney's fee. . . ." The mandatory provisions of this statute govern on appeal when the appeal of an order on attorney fees concerns entitlement to them and not the amount of an award. *Eighteen Mile Ranch, LLC*, 141 Idaho at 721, 117 P.3d at 135. The Smiths were found to be the prevailing party below, have prevailed on appeal and this appeal concerns entitlement to an award of fees; therefore, we award the Smiths attorney fees on appeal.

### III. CONCLUSION

We hold the Smiths did not waive their right to claim costs and fees by signing the stipulation to dismiss and that the Smiths' claim is not defeated by their failure to plead costs or attorney fees. We also hold the district court abused its discretion by denying the Smiths'

7

motion for reconsideration and remand to the district court. Finally, we award attorney fees on appeal to the Smiths. Costs to Appellants.

Justices W. JONES and HORTON, **CONCUR.**

Chief Justice EISMANN, specially concurring.

I concur in the majority opinion, but write simply to add the following.

This case is directly controlled by our recent unanimous opinion in *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 141 Idaho 716, 117 P.3d 130 (2005). In that case, "[t]he parties stipulated to dismiss Casey [Nord] from the suit a few days before trial began." *Id.* at 718, 117 P.3d at 132. The stipulation did not mention costs and attorney fees. The trial court refused to award attorney fees and costs to Casey Nord and the other defendants on the ground that they were not prevailing parties, and they appealed. On appeal, we noted, "In litigation, avoiding liability is as good for a defendant as winning a money judgment is for a plaintiff." *Id.* at 719, 117 P.3d at 133. We unanimously held that Casey Nord was a prevailing party and was entitled to an award of attorney fees. We stated:

> The individual Nords were also prevailing parties. Darrin left the suit upon a motion for directed verdict. He incurred no liability. For him that was "the most favorable outcome that could possibly be achieved." Also, Reed defended himself through the entire trial and escaped all liability—again, achieving the most favorable outcome that could possibly be achieved. **The same must be said for Casey, who was dismissed a few days before trial. Darrin, Reed, and Casey are clearly prevailing parties.**

*Id.* at 719-20, 117 P.3d at 133-34 (emphasis added). This Court concluded, "The individual Nords and Nord Excavating were prevailing parties below and they adequately supported their request for fees and costs. The district court's order denying their request is therefore reversed and the case is remanded for determination of an appropriate award." *Id.* at 721, 117 P.3d at 135. The *Eighteen Mile Ranch* case is indistinguishable from the present case.

The *Eighteen Mile Ranch* opinion also answers the question of whether a stipulation to dismiss a case with prejudice includes dismissal of any right to recover court costs or attorney fees. "A civil action is commenced by the filing of a complaint with the court." I.R.C.P. 3(a); *accord Sanchez v. State, Dept. of Correction*, 143 Idaho 239, 141 P.3d 1108 (2006). The complaint, and any other pleading that sets forth a claim for relief, must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." I.R.C.P. 8(a)(1);

8

*accord Idaho Dept. of Labor v. Sunset Marts, Inc.*, 140 Idaho 207, 91 P.3d 1111 (2004). For the right to recover attorney fees to be included in the dismissal of an action, the right to attorney fees must be a "claim for relief" that is required to be included in the pleadings.

In the *Eighteen Mile Ranch* case, we addressed this issue as to whether a request for the award of attorney fees must be alleged in a pleading, whether a complaint or an answer. We held that it did not. "Thus, a party need not have listed a specific attorney fee provision in its pleading in order to obtain a fee award under that provision [I.R.C.P. 54(e)(4)] upon prevailing in the litigation." 141 Idaho at 721, 117 P.3d at 135. Since a right to recover attorney fees is not a "claim for relief" included in a pleading, the dismissal of the pleading with prejudice does not constitute any determination of the prevailing party's right to recover attorney fees.[4]

Indeed, there can be no prevailing party until the merits of the lawsuit have been decided and there is a final judgment. *Howard v. Perry*, 141 Idaho 139, 106 P.3d 465 (2005); I.R.C.P. 54(d)(1)(B). A dismissal of an action "with prejudice" is simply an adjudication on the merits of the plaintiff's claim. *King v. Lang*, 136 Idaho 905, 42 P.3d 698 (2002); *Scott v. Agricultural Prods. Corp., Inc.*, 102 Idaho 147, 627 P.2d 326 (1981); *Sullivan v. Allstate Ins. Co.*, 117 Idaho 880, 792 P.2d 905 (1990). In the instant case, there was no final judgment until the action was dismissed with prejudice. The dismissal of Straub's action with prejudice was a precondition to the Smiths' right to recover court costs and attorney fees, not a denial of that right.

The district court erred when it denied the Smiths their right to seek an award of attorney fees without giving them a hearing on the matter. The Smiths had the right to seek an award of attorney fees by filing a memorandum of costs within fourteen days after entry of the judgment. I.R.C.P. 54(d)(5) & (e)(5). If Straub objected to the allowance of attorney fees or the amount claimed, she was required to file a motion stating such objection within fourteen days after

---

[4] We have in many instances upheld, or even ordered, the award of attorney fees where a case was dismissed with prejudice. For example, in *McCann v. McCann*, 138 Idaho 228, 232, 61 P.3d 585, 589 (2002), the district court dismissed the plaintiff's complaint "with prejudice" and awarded the defendants "attorney fees and costs." We held on appeal that the district court did not abuse its discretion in awarding attorney fees. In *Miller v. St. Alphonsus Regional Medical Center, Inc.*, 139 Idaho 825, 840, 87 P.3d 934, 949 (2004), we "affirm[ed] the judgment of the district court dismissing this action with prejudice and awarding attorney fees to the Hospital under Idaho Code § 12-120(3)." In *Taylor v. Just*, 138 Idaho 137, 143, 59 P.3d 308, 314 (2002), we "reverse[d] the judgment of the district court and remand[ed] this case with instructions to enter a judgment dismissing the complaint with prejudice and to award the Trustee a reasonable attorney fee." In *Nampa Charter School, Inc. v. DeLaPaz*, 140 Idaho 23, 26, 89 P.3d 863, 866 (2004), "the district court granted DeLaPaz's 12(b)(6) motion and dismissed NCS's claims with prejudice." It also "awarded DeLaPaz 20% of the attorney fees requested together with costs." We affirmed on appeal.

9

service of the memorandum of costs. I.R.C.P. 54(d)(6) & (e)(6). The district court short-circuited the process by entering a judgment denying the Smiths any right to recover attorney fees without giving them an opportunity to request attorney fees in their memorandum of costs or to be heard on that request.

In fairness to the district court, Straub's counsel bears some responsibility for the short-circuiting of the procedures. Every attorney worth his or her salt knows that if you want to dismiss your complaint just before trial and do not want your client to be liable for the defendant's court costs and attorney fees, you had better seek a stipulation stating that each party will bear their own costs and attorney fees. Straub's counsel did not do so in this case. Instead, he obtained the Smiths' agreement "to the entry of an Order granting the plaintiff's motion to dismiss this case with prejudice" and then submitted to the district court a proposed order adding the provision that the dismissal was "without an award of attorney fees of [sic] costs to either party." Obviously, if the Smiths' agreement that the case be dismissed with prejudice meant that each party would bear their own court costs and attorney fees, there would have been no need for Straub's counsel to add that provision to the proposed order. It would have been unnecessary surplusage. Straub's counsel obviously believed he needed to add that language to the proposed order in order to obtain the result he wanted. Notably, he submitted the proposed order to the district court but did not send a copy to the Smiths' counsel. Smiths' counsel did not learn of the added language until after the order had been signed by the district court. The district court may initially have assumed that the Smiths had agreed to the proposed order submitted by Straub's counsel. However, upon being shown that such was not the case, the district court should have acted to correct the injustice.

The Smiths have a statutory right to an award of attorney fees pursuant to Idaho Code § 12-120(3). Straub agrees that "[t]he underlying transaction between the parties was clearly a commercial transaction under Idaho Code § 12-120(3)." The Smiths are also clearly the prevailing parties in this litigation. *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 141 Idaho 716, 117 P.3d 130 (2005). They could not have obtained a better outcome in the litigation. Therefore, they were entitled to an award of a reasonable attorney fee.

W. JONES, J., concurs.

10

J. JONES, J., concurring in part and dissenting in part.

I concur in part II.B. of the Court's opinion, but dissent with regard to the remainder thereof. I would affirm the district court's denial of attorney fees and costs.

With regard to part II.A., I agree with the Court's conclusion that the Smiths did not "waive" a claim for attorney fees. Rather, the Smiths entered into a stipulation with Straub wherein they contracted away any claim for fees. The parties stipulated to entry of an order dismissing the case with prejudice. The words "with prejudice" mean "[w]ith loss of all rights; in a way that finally disposes of a party's claim and bars any future action on that claim." Black's Law Dictionary (7th Ed. 1999).

Idaho Rule of Civil Procedure 41(a)(1)(ii) permits a plaintiff to dismiss his or her case upon filing a stipulation of dismissal signed by the parties. Given that dismissals under Rule 41(a)(1)(ii) require a voluntary agreement of the parties, they are contractual in nature. *See, e.g., Maroun v. Wyreless Systems, Inc.,* 141 Idaho 604, 611, 114 P.3d 974, 981 (2005) ("[a] stipulation is a contract."). Thus, this Court should employ the same analysis it would if it were interpreting the terms of a contract, which "begins with the language of the contract itself." *Independence Lead Mines Co. v. Hecla Mining Co.*, 143 Idaho 22, 26, 137 P.3d 409, 413 (2006). For a contract to be enforceable there must be a "distinct understanding common to both parties," as evidenced by a meeting of the minds between the parties. *Potts Constr. Co. v. N. Kootenai Water Dist.*, 141 Idaho 678, 681, 116 P.3d 8, 11 (2005). "Proof of a meeting of the minds requires evidence of mutual understanding as to the terms of the agreement and the assent of both parties." *Id*.

The stipulation in this case provides no evidence of a mutual understanding between the parties to exclude the Smiths' claim for attorney fees from the purview of the stipulation of dismissal. On April 12, 2005, Straub's counsel contacted the Smiths' counsel via fax to inform him that Straub was interested in dismissing the case:

> My client has informed me that she no longer wishes to pursue this matter. Our motion to dismiss is attached. If you have no objection, please sign the attached stipulation and return to my office. Otherwise, I will schedule a hearing for the motion.
>
> I have notified the court.

11

Without objection, the Smiths' counsel signed and returned the attached stipulation of dismissal, which provided that the "[d]efendants . . . hereby stipulate to the entry of an Order granting the plaintiff's motion to dismiss this case with prejudice."

The express terms of the parties' stipulation establishes a firm agreement to dismiss the case with prejudice. However, a review of the terms fails to disclose any language indicating that the parties wished to exclude the issue of fees and costs from the stipulation of dismissal. Although the Smiths, who admit to signing the stipulation without objection, now urge that they did not wish to subject their claim for fees and costs to the dismissal, this Court cannot divine from silence a mutual assent of the parties to that effect. *Cf. Vogt v. Madden*, 110 Idaho 6, 9, 713 P.2d 442, 445 (Ct. App. 1986) (acceptance of an offer generally cannot be manifested through silence or inaction). Indeed, "a party's subjective, undisclosed intent is immaterial to the interpretation of a contract." *J.R. Simplot Co. v. Bosen*, 144 Idaho 611, _____, 167 P.3d 748, 751 (2006), 2006 WL 3409103 at 2. Had the parties wished to reserve the issue of attorney fees from the purview of the stipulation of dismissal, they had ample opportunity to expressly agree to such a provision. *See, e.g., Daisy Mfg. Co. v. Paintball Sports, Inc.*, 134 Idaho 259, 260, 999 P.2d 914, 915 (Ct. App. 2000) (parties agreeing to stipulation of dismissal reserved the issue of attorney fees and costs); *Barrios v. California Interscholastic Fed'n*, 277 F.3d 1128, 1133 (9th Cir. 2002) (parties entering into a settlement agreement expressly reserved the issue of attorney fees and costs for future determination).

*Inland Group of Cos. v. Obendorff*, 131 Idaho 473, 959 P.2d 454 (1998), provides no relief to the Smiths. In *Obendorff*, a special master appointed by the district court, Perry Obendorff, filed a motion for an order to show cause after Inland Group of Companies failed to pay its half of the special master fees.[5] 131 Idaho at 474, 959 P.2d at 455. Obendorff's motion was filed after the parties to the action (which did not include Obendorff) stipulated to a dismissal of the suit with prejudice. *Id*. Inland argued that once the case was dismissed, the order appointing Obendorff as special master was dissolved and with it Obendorff's right to his fees. The Court disagreed because there was an outstanding district court order requiring Inland to pay one half of the special master fees, because the special master fees were costs, and because the final dismissal order incorporated the order dealing with fees in that it clearly stated

---

[5] When the district court appointed Obendorff, it ordered that the costs of the special master be borne equally by the parties. 131 Idaho at 474, 959 P.2d at 455.

that each side was to bear its own costs. *Id.* at 475, 959 P.2d at 456. It should be noted that Obendorff was not a party to a contract calling for dismissal of the action with prejudice, as is the case here.

This Court has long recognized the strong public policy favoring the settlement of litigation. *Quick v. Crane*, 111 Idaho 759, 780, 727 P.2d 1187, 1208 (1986). At the time the parties executed the stipulation of dismissal, Straub had a justifiable expectation, given the encompassing language of the stipulation and the absence of any express reservations, that all rights and claims related to the case would be dismissed, including the Smiths' claim for fees and costs. Public policy dictates that this Court protect expectations reasonably induced. In consideration of the Smiths' agreement to dismiss the case, Straub agreed to forgo her right to pursue the suit and relinquished her ability to refile her suit in the future. To allow the Smiths to pursue attorney fees after stipulating to a general dismissal of the case would have the effect of discouraging stipulations and defeating Straub's expectations. *See K. Hefner, Inc. v. Caremark, Inc.,* 128 Idaho 726, 732, 918 P.2d 595, 601 (1996) (dismissing plaintiffs without adverse consequences is beneficial because "it would tend to encourage parties who do not 'have the stomach' for litigation to seek a dismissal").

I would hold that the Smiths relinquished their claim for fees and costs when they stipulated to dismissal of the case with prejudice, and without expressly reserving the issue for future determination. While I agree with part II.B. of the Court's opinion, I would hold it to be unnecessary to the decision of the case.

13