IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37502

| | | |
|---|---|---|
| BRAYEN ALLEN FINCH, | ) | 2011 Unpublished Opinion No. 308 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: January 7, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| SARGEANT NEILSON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County. Hon. Susan E. Wiebe, District Judge.

Judgment dismissing complaint, affirmed.

Brayen Allen Finch, Boise, for appellant.

Anne-Marie Kelso, Payette County Prosecutor, Payette, for respondent.
_____

GUTIERREZ, Judge

Brayen Allen Finch, aka Mrs. Breanna Lynn Destiny, appeals from the district court's dismissal of Finch's "Prisoner Civil Rights Complaint." We affirm.

## I.

## FACTS AND PROCEDURE

On June 24, 2009, Finch filed a "Prisoner Civil Rights Complaint," alleging that the respondents had lost Finch's dentures. Finch requested return of the dentures and $2,500. Accompanying the complaint was a request for waiver of court fees and for an appointed attorney. The court granted the former, but denied the latter because it was a civil case.

The clerk's record indicates that on December 28, 2009, Finch filed a motion for default and affidavit in support of the motion and a motion for telephone hearing on February 11, 2010. These documents, however, are not included in the record on appeal.

On March 12, 2010, Finch filed a notice of appeal. However, the appeal was suspended by the Supreme Court, because there had been no final judgment issued in the case. On May 14,

1

the district court issued a judgment of dismissal, dismissing the case on the grounds that no action had been taken by the parties for the preceding six months, no good cause had been shown for such inaction, and because the complaint and summons had never been served on the defendant as required by Idaho Rule of Civil Procedure 4(a)(2). On June 14, Finch filed an amended notice of appeal from the dismissal.

## II.

## ANALYSIS

The district court dismissed Finch's complaint on two grounds: (1) because there had been no action in the case for six months, I.R.C.P. 40(c); and (2) because Finch had failed to serve the defendant with the summons and complaint within six months after filing of the complaint, I.R.C.P. 4(a)(2). We only address the latter reason, because it is dispositive.

Rule 4(a)(2) of the Idaho Rules of Civil Procedure provides that a complaint must be dismissed without prejudice if "service of the summons and complaint is not made upon a defendant within six (6) months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period." The summons and complaint can be served either by the sheriff, Idaho Code § 31-2202, or by any person over the age of eighteen years who is not a party to the action, I.R.C.P. 4(c)(1).

It is undisputed that the defendant in this case had not been served when the district court issued its order dismissing Finch's complaint. Finch contends, however, that because Finch filed as an "indigent," the summons should have "automatically been given to the defendants." Finch does not, however, cite any authority for this proposition, nor are we aware of any. Thus, this contention fails. *See Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997) (holding that a party waives an issue on appeal if either argument or authority is lacking).

Finch also appears to contend that by virtue of Finch's "indigent status," Finch was *unable* to have the summons delivered to the defendant. In *Murray v. Spaulding*, 141 Idaho 99, 101, 106 P.3d 425, 427 (2005), the Idaho Supreme Court addressed a circumstance where an inmate filed a civil rights action against prison officials, attempted to serve the defendants by mail, asked the court to order the county to pay the costs of serving the defendants (which was denied), and ultimately served the defendants outside the six-month window provided for by the rule. The district court dismissed the claim because of the inmate's failure to timely serve the defendants. In concluding that the inmate had not shown good cause for his failure to serve the

2

defendants, the court noted that while the sheriff and process servers would charge a fee for serving the summons and complaint, a plaintiff would not incur any fee for the service if he or she had a friend or acquaintance agree to do so without charge. *Id*. Thus, the *Murray* Court implicitly recognized that an inability to pay the fee charged by sheriffs and process servers does not automatically constitute good cause for failure to serve process within six months. On this basis, Finch's contention that the mere fact that Finch was indigent was an excuse for not serving process is not consistent with Idaho law.

Accordingly, we conclude that the district court did not err in dismissing Finch's complaint on the basis that Finch had not served the defendant with the summons and complaint within six months. The district court's judgment of dismissal is affirmed.

Judge LANSING and Judge MELANSON, CONCUR.