# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 45644

IDAHO POWER COMPANY, )
                                     )
     Applicant-Respondent, )        Boise, September 2018 Term
                                     )
v. )        Opinion filed: December 28, 2018
                                     )
KIKI LESLIE A. TIDWELL, )        Karel A. Lehrman, Clerk
                                     )
     Intervenor-Appellant, )
                                     )
and )
                                     )
IDAHO PUBLIC UTILITIES )
COMMISSION, )
                                     )
     Respondent. )

Appeal from the Idaho Public Utilities Commission.

The decision of the Commission is <u>affirmed.</u>

Linnet Law Office, PLLC, Hailey, for Appellant. Samuel L. Linnet argued.

Hon. Lawrence Wasden, Idaho Attorney General, Boise, for Respondents. Edith L. Pacillo argued.

_____

HORTON, Justice.

Kiki Leslie A. Tidwell appeals an order by the Idaho Public Utility Commission (the Commission) denying her request for intervenor funding. The underlying administrative proceeding involved an application by the Idaho Power Company (Idaho Power) for a Certificate of Public Convenience and Necessity to construct a high-voltage electric transmission line in Blaine County. The Commission granted Tidwell's petition to intervene in December 2016. In September 2017, Tidwell submitted a request for intervenor funding, which the Commission denied as untimely. Tidwell filed a petition for reconsideration, which the Commission also denied. Tidwell timely appealed. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 8, 2016, Idaho Power applied to the Commission for a Certificate of Public Convenience and Necessity to build a high-voltage electric transmission line in Blaine County. The Commission subsequently initiated an administrative proceeding—designated as Case No. IPC-E-16-28—to consider Idaho Power's application and established a deadline for interested parties to intervene in the case.

Tidwell timely filed a petition to intervene in the case in December 2016. Tidwell asserted that the proposed transmission line would directly impair the value of her property. The Commission granted Tidwell's petition to intervene that same month. The Commission also granted additional petitions to intervene, including a petition by the Sierra Club.

The Commission held a technical meeting in Boise on August 8, 2017, to take evidence regarding Idaho Power's application. This was the last evidentiary hearing in the case. Tidwell and her attorney attended the meeting. Near the end of the meeting, Commissioner Anderson stated: "Intervenor funding requests under Rule 164 are due 14 days from today." Tidwell did not hear this announcement.

The Sierra Club timely submitted a request for intervenor funding on August 21, 2017. This was the only request for intervenor funding received by the Commission prior to the August 22, 2017 deadline, which Commissioner Anderson had announced. The Sierra Club's request stated: "This request is timely pursuant to the Commission's instruction at the technical hearing to submit such requests within 14 days by August 22, 2017." The Sierra Club emailed a copy of its request for intervenor funding to Tidwell's attorney on August 21, 2017.

The Commission issued a final order on September 15, 2017, granting Idaho Power's application for a Certificate of Public Convenience and Necessity to construct the transmission line. This final order also granted the Sierra Club's request for intervenor funding.

On September 16, 2017, Tidwell submitted an intervenor funding request to the Commission requesting reimbursement of the $18,538.47 that she had paid her attorney. Tidwell's request was received by the Commission on September 20, 2017. Tidwell's request stated: "I was not aware of the possibility of Intervenor funding under Idaho Code 61-617A; my attorney never presented me this information." Tidwell's request also stated: "I apologize that this request is being submitted late due [to] the lack of communication to me that this compensation was available to me as an Intervenor."

The Commission denied Tidwell's request on October 12, 2017, explaining:

2

The Commission received Ms. Tidwell's late petition for intervenor funding on September 20, 2017. In her request, Ms. Tidwell states, "I was not aware of the possibility of Intervenor funding." The Commission notes that Ms. Tidwell attended the technical hearing conducted on August 8, 2017. Ms. Tidwell was present when Chair Anderson stated, "Intervenor funding requests under Rule 164 are due 14 days from today." Ms. Tidwell's petition was received almost a month after the deadline. Accordingly, we deny the petition as untimely.

Tidwell timely petitioned the Commission to reconsider its order denying her request for intervenor funding. The petition for reconsideration retracted Tidwell's earlier acknowledgement that her petition for intervenor funding was untimely, stating:

I appeal this decision on the grounds that 1) the request was timely as it was submitted during the period that a petition for reconsideration could have been submitted and 2) the PUC had a duty to "provide a full and fair representation in the proceedings to all affected customers" but the PUC failed to provide a fair proceeding by failing to provide adequate information about Section 61-617a [sic] to intervenors in advance of the written September 15, 2017 written order.

Tidwell's petition continued: "Furthermore, the PUC did not provide adequate information about Section 61-617a [sic] even to legal counsel in the case; my attorney was under the impression that only non-profits could apply for reimbursement."

The Commission denied Tidwell's petition for reconsideration on November 17, 2017, stating:

In denying Ms. Tidwell's request for intervenor funding, we noted that it "was received almost a month after the deadline." Although Ms. Tidwell now asserts her request for intervenor funding was timely, she stated in her intervenor funding request, "I apologize that this request is being submitted late due [to] the lack of communication to me that this compensation was available to me as an Intervenor." Commission Rule 164 provides, "Unless otherwise provided by order, an intervenor requesting intervenor funding must apply no later than fourteen (14) days after the last evidentiary hearing in a proceeding." The evidentiary hearing took place August 8, 2017, thus the deadline for intervenor funding requests was August 22 per Rule 164. Moreover, Chair Anderson gave explicit notice to all parties at the conclusion of the technical hearing, including Ms. Tidwell and her counsel, about the deadline for intervenor funding requests. Consequently, we find no reasonable basis for reconsideration of our prior decision finding Ms. Tidwell's request for intervenor funding untimely. We thus deny Ms. Tidwell's petition for reconsideration.

Tidwell timely appealed.

## II. STANDARD OF REVIEW

3

"Administrative rules are interpreted the same way as statutes."[1] *Rangen, Inc. v. Idaho Dep't of Water Res.*, 160 Idaho 251, 256, 371 P.3d 305, 310 (2016) (quoting *Kimbrough v. Idaho Bd. of Tax Appeals,* 150 Idaho 417, 420, 247 P.3d 644, 647 (2011)). Therefore, when considering an administrative rule,

> "[I]nterpretation begins with the literal language of the [rule]. Provisions should not be read in isolation, but must be interpreted in the context of the entire document. The [rule] should be considered as a whole, and words should be given their plain, usual, and ordinary meanings. It should be noted that the Court must give effect to all the words and provisions of the [rule] so that none will be void, superfluous, or redundant. When the [rule's] language is unambiguous . . . the Court need not consider rules of statutory construction.

*Estate of Stahl v. Idaho State Tax Comm'n*, 162 Idaho 558, 562, 401 P.3d 136, 140 (2017) (quoting *State v. Schulz*, 151 Idaho 863, 866, 264 P.3d 970, 973 (2011)). Further, "[t]he determination of the meaning of [an administrative rule] and its application is a matter of law over which this [C]ourt exercises free review." *Woodburn v. Manco Prods., Inc.,* 137 Idaho 502, 504, 50 P.3d 997, 999 (2002).

"When we review a [lower tribunal's] decision to grant or deny a motion for reconsideration, we use the same standard of review the lower [tribunal] used in deciding the motion for reconsideration." *Pandrea v. Barrett*, 160 Idaho 165, 171, 369 P.3d 943, 949 (2016) (quoting *Westby v. Schaefer*, 157 Idaho 616, 621, 338 P.3d 1220, 1225 (2014)). Before the Commission, "[p]etitions for reconsideration must set forth specifically the ground or grounds why the petitioner contends that the [Commission's] order or any issue decided in the order is unreasonable, unlawful, erroneous or not in conformity with the law . . . ." IDAPA 31.01.01.331.

### III. ANALYSIS

In this appeal, we consider the following matters: Whether Tidwell waived several issues on appeal by failing to raise the issues before the Commission; whether the Commission's denial of Tidwell's petition for reconsideration was unreasonable, unlawful, erroneous or not in conformity with the law; and whether Tidwell is entitled to an award of attorney fees on appeal.

**A. We will not address four issues raised by Tidwell on appeal because she failed to raise the issues before the Commission.**

---

[1] Our restrained approach to statutory construction reflects our recognition of the constitutional separation of powers. *State v. Montgomery*, 163 Idaho 40, 44, 408 P.3d 38, 42 (2017). The same considerations lead us to apply the four-prong test articulated in *J.R. Simplot Co. v. Idaho State Tax Comm'n,* 120 Idaho 849, 862, 820 P.2d 1206, 1219 (1991), when evaluating an agency's interpretation of a rule it has adopted.

4

"It is a well-settled rule that in an appeal from the [C]ommission matters may not be raised for the first time on appeal and that where the objections were not raised in the petition for rehearing, they will not be considered for the first time by this court." *McNeal v. Idaho Pub. Util. Comm'n*, 142 Idaho 685, 688, 132 P.3d 442, 445 (2006) (quoting *Eagle Water Co. v. Idaho Pub. Util. Comm'n*, 130 Idaho 314, 316–17, 940 P.2d 1113, 1135–36 (1997)), *abrogated on other grounds by Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011). "The exception to this rule is that constitutional issues may be considered for the first time on appeal if such consideration is necessary for subsequent proceedings in the case." *Murray v. Spalding*, 141 Idaho 99, 101–02, 106 P.3d 425, 427–28 (2005).

Tidwell raises four new issues on appeal that were not addressed in her request for intervenor funding or her petition for reconsideration. First, Tidwell asserts that the Commission did not comply with Rule 16; thus, it "failed to provide adequate notice [by mail or email] to all parties that intervenor funding requests were due on August 22, 2017." IDAPA 31.01.01.016. Second, Tidwell asserts that the Commission's "denial of [her] intervenor request based solely on timing is arbitrary, capricious, and an abuse of discretion because the [Commission] has previously awarded intervenor funding to late applicants." Third, Tidwell asserts that the Commission violated the legislative intent behind Idaho Code section 61-617A "because it denied [her] application solely based on timing." Fourth, Tidwell asserts that "Rule 164 is unconstitutional for reason of vagueness." Tidwell did not raise these issues in her request for intervenor funding or her petition for reconsideration. Additionally, there is no compelling reason for the Court to deviate from its longstanding rule in order to consider Tidwell's claim that Rule 164 is unconstitutional for vagueness because such consideration is not necessary for subsequent proceedings in the case. *See Murray*, 141 Idaho at 101–02, 106 P.3d at 427–28. Thus, we will not address these issues further.

**B. The Commission's denial of Tidwell's petition for reconsideration was not "unreasonable, unlawful, erroneous or not in conformity with the law."**

Tidwell asserts that the Commission erred when it denied her petition for reconsideration because the Commission is misinterpreting Rule 164. Idaho Code section 61-617A(2) provides:

> The commission may order any regulated electric, gas, water or telephone utility with gross Idaho intrastate annual revenues exceeding three million five hundred thousand dollars ($3,500,000) to pay all or a portion of the costs of one (1) or more parties for legal fees, witness fees, and reproduction costs, not to exceed a total for all intervening parties combined of forty thousand dollars

5

($40,000) in any proceeding before the commission. The determination of the commission with regard to the payment of these expenses shall be based on the following considerations:

(a)     A finding that the participation of the intervenor has materially contributed to the decision rendered by the commission; and

(b)     A finding that the costs of intervention are reasonable in amount and would be a significant financial hardship for the intervenor; and

(c)     The recommendation made by the intervenor differed materially from the testimony and exhibits of the commission staff; and

(d)     The testimony and participation of the intervenor addressed issues of concern to the general body of users or consumers.

The legislature has explicitly authorized the Commission to adopt rules to implement Idaho Code section 61-617A. Idaho Code § 61-617A(4). Under this authority, the Commission adopted Rule 164, which provides:

Unless otherwise provided by order, an intervenor requesting intervenor funding must apply no later than fourteen (14) days after the last evidentiary hearing in a proceeding or the deadline for submitting briefs, proposed orders, or statements of position, whichever is last. Motions in opposition to intervenor funding must be filed within fourteen (14) days after the request for intervenor funding is filed.

IDAPA 31.01.01.164.

The last evidentiary hearing on Idaho Power's application took place on August 8, 2017. Thus, the Commission announced that intervenor funding requests were due by August 22, 2017. The August 22, 2017, deadline is consistent with the plain meaning of Rule 164. There was no "deadline for submitting briefs, proposed orders, or statements of position" at the time the last evidentiary hearing concluded on August 8, 2017, thus, the Commission correctly applied the first prong of Rule 164, which states that "an intervenor requesting intervenor funding must apply no later than fourteen (14) days after the last evidentiary hearing in a proceeding . . . ." IDAPA 31.01.01.164.

Tidwell asserts that the Commission "failed to take into account that the date of the last deadline for submitting briefs was November 2, 2017, which is 21 days after the Final Order was served and the due date for petitions for reconsideration." Thus, Tidwell argues that "[t]he true deadline for filing intervenor funding requests was November 16, 2017, which would have been 14 days after the last opportunity to file briefs, proposed orders, or statements of position . . . ." In other words, Tidwell disagrees with the Commission's interpretation of Rule 164 as it applies to Idaho Code section 61-617A. However, as the Commission correctly observes, Tidwell's

6

interpretation of Rule 164 "would mean that funding requests could never be due 14 days after the evidentiary hearing, making that provision of Rule 164 superfluous."

The Commission correctly applied the plain language of Rule 164 when it established August 22, 2017, as the deadline for requests for intervenor funding; thus, the Commission's order denying Tidwell's petition for reconsideration is not "unreasonable, unlawful, erroneous or not in conformity with the law . . . ." *See* IDAPA 31.01.01.331. The Commission explicitly announced that "[i]ntervenor funding requests under Rule 164 are due 14 days from [August 8, 2017]." Tidwell and her attorney were present when the announcement regarding the August 22, 2017, deadline was made. Nevertheless, Tidwell did not file her request for intervenor funding with the Commission until September 20, 2017. We hold that the Commission correctly denied Tidwell's request for intervenor funding as untimely.

We are not persuaded by Tidwell's contention that the Commission failed to provide her with adequate information about Idaho Code section 61-617A and Rule 164. Neither the statute nor the rule requires the Commission to notify intervenors of their right to seek funding or the deadlines governing such requests. Nevertheless, the Commission announced the August 22, 2017, deadline for intervenor funding requests at the last evidentiary hearing on August 8, 2017.[2] Tidwell's attorney received a copy of the Sierra Club's request for intervenor funding on August 21, 2017. That document stated: "This request is timely pursuant to the Commission's instruction at the technical hearing to submit such requests within 14 days by August 22, 2017." Thus, although not required by statute or rule, Tidwell did receive adequate information about the possibility of intervenor funding and the August 22, 2017, deadline. She simply failed to meet the filing deadline. "[F]ailure to know and meet filing deadlines are inexcusable mistakes of law." *Washington Fed. Sav. and Loan Ass'n v Transamerica Premier Ins. Co.*, 124 Idaho 913, 918, 865 P.2d 1004, 1009 (Ct. App. 1993).

### C. Tidwell is not entitled to an award of attorney fees on appeal.

Tidwell seeks an award of attorney fees on appeal pursuant to the private attorney general doctrine, Idaho Code section 12-117, Idaho Code section 61-617A, and Idaho Appellate Rules 40 and 41. As she has not prevailed in this appeal, Tidwell is not entitled to attorney fees.

### IV. CONCLUSION

---

[2] Although Tidwell did not hear the announcement, we note that Tidwell and her first attorney discussed the possibility of seeking intervenor funding, but he erroneously advised her that such funding was only available to non-profit entities.

We affirm the Commission's decision to deny Tidwell's request for intervenor funding, deny Tidwell's request for attorney fees on appeal, and award costs on appeal to the Commission.

Chief Justice BURDICK, and Justices BRODY, BEVAN and STEGNER **CONCUR.**