**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47397**

| | |
|---|---|
| ALAN VICKERY, )<br>)<br>     Petitioner-Appellant, )<br>)<br>v. )<br>)<br>STATE OF IDAHO, DEPARTMENT OF )<br>HEALTH AND WELFARE, )<br>)<br>     Respondent. )<br>) | **Filed: October 27, 2020**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

District court's order, on intermediate appeal from the Department of Health and Welfare, affirming the dismissal of Vickery's appeal, affirmed.

Swafford Law, P.C.; Ronald L. Swafford, Idaho Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark V. Withers, Deputy Attorney General, Idaho Falls, for respondent.

---

HUSKEY, Chief Judge

Alan Vickery appeals from the district court's dismissal of his appeal as untimely. Vickery argues that because he placed his appeal in the mail within twenty-eight days of the determination letter, he satisfied the requirements as specified in the determination letter and therefore his appeal was timely. Vickery failed to support his argument with authority and the argument he made is without merit. Accordingly, the district court's dismissal of Vickery's appeal is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The Idaho Department of Health and Welfare (Department) notified Vickery that based on a substantiated report of abuse, neglect, or abandonment, his name would appear on the Child Protection Central Registry (Registry) unless he timely filed a request for an administrative review. Vickery timely filed a request for formal review and reconsideration of the decision. That request

1

was dated July 6, 2018, postmarked July 7, 2018, and received by the Department on July 10, 2018. On July 30, 2018, the Department issued a determination letter which upheld the decision, finding that the incident remained substantiated and, as a result, Vickery's name would appear on the Registry. The letter specified the appeal process: "Pursuant to [Idaho Administrative Procedures Act] 16.06.01.003,[1] if you wish to appeal this decision, you may do so. In accordance with IDAPA 16.05.03.101, this request must be in writing and sent within twenty-eight (28) days from the date of this letter." Based on the date of the letter, the appeal had to be filed by August 27, 2018.

On September 7, 2018, thirty-nine days after the Department issued the determination letter, the Department received an appeal from Vickery. The appeal was postmarked on September 5, 2018. The Department issued a conditional order dismissing Vickery's appeal as untimely, as it did not comply with IDAPA 16.05.03.101, which states: (1) an appeal must be filed within twenty-eight days of the appealable decision; and (2) the appeal is filed when it is postmarked or received by the Department. The conditional order provided that if Vickery disagreed with the dismissal, he could submit documentation to indicate that he filed a timely appeal. Otherwise, after fourteen days the conditional order would become effective and Vickery's appeal would be dismissed.

Vickery filed a petition for review, arguing that his appeal was timely because it was placed in the mail on August 26, 2018, which was within twenty-eight days of the date on the determination letter, and that any delay in either postmarking or delivering the letter was attributable to the post office. Vickery included two affidavits to support his claim that he timely filed the appeal. The first affidavit, from an attorney at Vickery's counsel's office, attested to reading a three-year-old article that reported the post office now routed the local mail through Salt Lake City which may result in postmarking and delivery delays. The second affidavit, from a paralegal at Vickery's counsel's office, attested to preparing and mailing the appeal on Sunday, August, 26, 2018. The Department issued a final decision and order that found the deadlines prescribed by IDAPA 16.05.03.101 were controlling and, because Vickery's appeal was neither postmarked nor received by the Department within twenty-eight days of the determination letter, dismissed Vickery's appeal as untimely.

---

[1]     In 2019, many agency rules were repealed and/or reissued as temporary rules. This does not affect the analysis in this case.

Vickery appealed to the district court. Vickery argued the language of the Department's determination letter superseded the IDAPA requirements and the controlling language was the word "sent"; and thus, to timely file an appeal, the appeal need only be placed in the mail within twenty-eight days. Vickery alleged he timely complied with this requirement by placing the appeal in the mail on August 26, 2018. The Department argued the controlling language was "In accordance with IDAPA 16.05.03.101 . . . ." which defined when an appeal was timely filed. Thus, the Department alleged that the use of the word "sent" in the letter did not, and could not, replace the IDAPA requirements.

The district court agreed with the Department and found the language of the Department's determination letter clearly referenced the IDAPA requirement for timely filing an appeal. Further, the district court found the evidence supported the Department's conclusion that Vickery's appeal was untimely because the appeal was neither postmarked nor received by the Department within twenty-eight days of the date of the determination letter. Accordingly, the district court affirmed the dismissal of Vickery's appeal and dismissed Vickery's petition for judicial review. Vickery timely appeals.

## II.

### STANDARD OF REVIEW

Judicial review of agency action shall be governed by the provisions of Idaho Code chapter 67 unless another provision of law is applicable to the particular matter. I.C. § 67-5270. The scope of review is defined in I.C. § 67-5279, and the relevant portion is subsection 3:

> When the agency was required by the provisions of this chapter or by other provisions of law to issue an order, the court shall affirm the agency action unless the court finds that the agency's findings, inferences, conclusions, or decisions are:
> (a) in violation of constitutional or statutory provisions;
> (b) in excess of the statutory authority of the agency;
> (c) made upon unlawful procedure;
> (d) not supported by substantial evidence on the record as a whole; or
> (e) arbitrary, capricious, or an abuse of discretion.

In an appeal from the decision of a district court acting in its appellate capacity under IDAPA, this Court reviews the agency record independently of the district court's decision. *Barron v. Idaho Dept. of Water Res.*, 135 Idaho 414, 417, 18 P.3d 219, 222 (2001). This Court "shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." I.C. § 67-5279(1). Instead, this Court "defers to the agency's findings of fact unless they are clearly erroneous. In other words, the agency's factual determinations are binding

3

on the reviewing court, even where there is conflicting evidence before the agency, so long as the determinations are supported by substantial competent evidence in the record." *Urrutia v. Blaine Cnty.*, 134 Idaho 353, 357, 2 P.3d 738, 742 (2000) (internal citations omitted).

## III.

## ANALYSIS

On appeal, Vickery argues that he presented sufficient, uncontradicted facts to support his assertion that he complied with IDAPA 16.05.03.100 by conforming to the instructions as to the method of appeal stated in the Department's July 30, 2018, determination letter. Vickery alleges that because the determination letter stated his appeal was required to be "sent" within twenty-eight days of the date of the letter, his act of conveying the appeal to the postal authorities complied with these terms, regardless of when the appeal was postmarked or received by the Department. In response, the Department argues IDAPA 16.05.03.10 specifies an appeal is filed when it is received by the Department or postmarked, and accordingly, Vickery's appeal was untimely.

The IDAPA prescribes the responsibilities and procedures for appealing administrative decisions by the Department, like designations on the Registry, and sets the time limits for filing appeals. IDAPA 16.06.01.003; 16.05.03.003; 16.05.03.101.02. When a decision is appealable, the IDAPA provides that the "Department will advise the individual or provider in writing of the right and method to appeal and the right to be represented." IDAPA 16.05.03.100. "[I]ndividuals who are aggrieved by a Department decision have twenty-eight (28) days from the date the decision is mailed to file an appeal. An appeal is filed when it is received by the Department or postmarked within the time limits provided in the decision notice, or in these rules." IDAPA 16.05.03.101. If an appellant fails to meet the required filing deadlines, the appeal must be dismissed. IDAPA 16.05.03.105.

Adherence to these rules is essential, as "[n]o hearing officer has the jurisdiction or authority to invalidate any federal or state statute, rule, regulation, or court order," including the rule requiring dismissal of an untimely appeal. IDAPA 16.05.03.131. Further, where administrative rules prescribe time limits for appeal, an appellant's failure to know and meet these filing deadlines is an inexcusable mistake of law. *Idaho Power Co. v. Tidwell*, 164 Idaho 571, 577, 434 P.3d 175, 181 (2018). Thus, the burden is on the appellant to know and meet filing deadlines. *See id.*

4

On appeal to this Court, Vickery argues the Department's use of the word "sent" in its determination letter prescribed the required method of appeal and thus superseded the rule that the appeal be postmarked or received by the Department within twenty-eight days of the determination letter. However, this Court is bound to affirm the agency action unless the agency's findings, inferences, conclusions, or decisions are in violation of constitutional or statutory provisions; in excess of the statutory authority of the agency; made upon unlawful procedure; not supported by substantial evidence on the record as a whole; or arbitrary, capricious, or an abuse of discretion. Vickery does not allege any error in the Department's decision finding the filing deadlines outlined in IDAPA 16.05.03.101 were controlling. Where an appellant fails to assert his assignments of error with particularity and to support his position with sufficient authority, those assignments of error are too indefinite to be heard by the Court. *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). Idaho appellate courts will not search the appellate record for error. *Id.* Consequently, to the extent that an assignment of error is not argued and supported appropriately, it is deemed to be waived. *Id.*

Further, Vickery does not provide any authority to support his assertion that the language used in the determination letter supersedes the language in the statute. Vickery's entire argument on the issue is as follows:

> The letter dated July 30, 2018, from Miren M. Unsworth, administrator, specifically stated that Mr. Vickery's appeal of the July 30, 2018, decision had to be in writing and **sent** within twenty-eight (28) days from the date of this letter to: FACS--Central Registry Fair Hearings, 450 W, State St., 5th Floor, P.O. Box 83420, Boise, ID 83720-0036, Fax#:208-332-7330. (R. p. 7)
> The evidence in the record is uncontradicted that the *Notice of Appeal and Request for Discovery and Stenographic Recording* was sent/mailed by counsel for appellant on August 26, 2018.
> These are sufficient, uncontradicted facts to support that petitioner complied with IDAPA 16.05.03.100 by complying with the instructions as to the right and method of appeal as set forth in Ms. Unsworth's letter dated July 30, 2018.

Notably, Vickery's limited argument fails to explain why the presumption under Idaho law that "a piece of mail is sent on the date of its postmark" is inapplicable in this case. *See Smith v. Idaho Dept. of Labor*, 148 Idaho 72, 76, 218 P.3d 1133, 1137 (2009) (ruling piece of mail is presumed sent on date of postmark). Vickery's argument is contrary to law and Vickery's failure to provide any authority for his conclusory assertions is fatal to Vickery's appeal. *Bach*, 148 Idaho at 790, 229 P.3d at 1152. Accordingly, Vickery has failed to demonstrate any error in the district court's order affirming the Department's dismissal of his appeal

5

## IV.

## CONCLUSION

Vickery provides only conclusory statements in his appellant's brief and does not provide any authority to support his argument on appeal. Moreover, Vickery's limited argument is contrary to applicable law. Accordingly, the district court's order affirming the Department's dismissal of Vickery's appeal and the dismissal of his petition for judicial review with prejudice are affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.